THE STATE v. WALTERS, *Appellant.*

**Acquisition of right to use a road by the public under the Statute of Limitations:** OBSTRUCTING PUBLIC HIGHWAY. The public will acquire a right to the use of a road over the land of an individual, without condemnation or dedication, by long use acquiesced in by the owner, or by adverse occupancy and use for a period of time equal to that prescribed by the statute of limitations for bringing actions of ejectment. If, after it has been so used by the public for that length of time, the owner undertakes to fence across it, he will be liable to indictment and punishment as for obstructing a public highway.

*Appeal from Atchison Circuit Court.*—HON. H. S. KELLEY, Judge.

*B. Pike* and *M. McKillop* for appellant.

When there is no evidence of a clear and unequivocal intention to dedicate a highway to public use, there must be an acquiescence by the owner for twenty years in the free use of the highway to authorize the presumption of an intention to dedicate the land to that use. *Missouri Institute v. How,* 27 Mo. 211; 3 Kent Com., 451; *State v. Culver,* 65 Mo. 610; Angell on Highways, 116.

*J. L. Smith,* Attorney-General, for the State.

No deed or express grant is necessary to a dedication of land to public use. It may be proved by any evidence which shows the intention of the owner of the land to make such dedication. *Rutherford v. Taylor*, 38 Mo. 315. Long use by the public, and acquiescence therein by the owner, are of themselves evidence of dedication. *Cincinnati v. White*, 6 Peters 431; *Carlin v. Paul*, 11 Mo. 32; *Gamble v. St. Louis*, 12 Mo. 618; *Onstott v. Murray*, 22 Iowa 457. If the public, with the knowledge of the owner, has claimed and continuously exercised the right of using land for a public highway, for a period equal to that fixed by the statute for bringing actions of ejectment, their right to the highway as against such owner is complete. *State v. Young*, 27 Mo. 259; *State v. Culver*, 65 Mo. 607.

NORTON, J.—At the January term, 1876, of the circuit court of Atchison county, the defendant was indicted for obstructing a public highway. At the May term, 1876, of said court, he was duly arraigned, pleaded not guilty, and a trial being had, was convicted. The evidence on the part of the State showed that the road in controversy had been traveled since 1850; that in 1860 it was thrown about 150 yards south by a fence built by one Pebly; that from 1860 to December, 1875, it had been used continuously by the public as a road, and an overseer appointed over it, who had repaired it and kept it in good condition; that at said last mentioned date the defendant built two fences across it and made a cattle lot, whereby the road was completely obstructed. Upon a trial of the cause defendant was found guilty and his punishment assessed at a fine of $25.

It is not claimed that the road which defendant is charged with obstructing was ever located, laid out and opened under the statute providing for locating and opening public roads and highways. The evidence on the part of the State tended to show that the road in question had become such by long public use, and from its having been

worked and kept in repair as a public road by road over-seers duly appointed from 1860 to 1875, when it was obstructed by defendant as charged in the indictment. We are asked to review the action of the trial court on the ground of its refusal to instruct the jury, that unless they believed the road had been used as such by the public continuously and uninterruptedly by a claim of right adverse to the owner for a period of twenty years or more, said owner being in continuous possession of said land, they would find defendant not guilty. This instruction the court refused, and directed the jury that if they found that the road had been used and traveled as such by the public, and had been claimed, recognized, used, worked and repaired when necessary as a public road for the period of ten years or more before the alleged obstruction, such acts of use and claim by the public would establish a legal road, and that if defendant obstructed the same as charged, they would find him guilty.

The public may acquire the right to the use of a road or easement over the land of another, when such road has been established in accordance with statutory enactments on land condemned for that purpose, or when the owner of the land has by some unequivocal act made a dedication of it to the public, or from long use of a road as such by the public, acquiesced in by the owner, and adverse occupancy and use of the same for a period of time equal to that prescribed by the statute of limitations for bringing actions of ejectment. This last method of acquisition by the public of a right to the use of a road is clearly recognized and stated in the cases of the *State v. Young*, 27 Mo. 260; *Onstott v. Murray*, 22 Iowa 457. Following the principle announced in these cases, the trial court was justified in refusing the declaration of law asked by defendant and in giving the instruction it did. Judgment affirmed. All concur.

AFFIRMED.