STATE OF MISSOURI, Respondent, v. JOSIAH A. SCOTT, Appellant.

### Kansas City Court of Appeals, November 7, 1887.

PUBLIC ROAD—OBSTRUCTION OF—CASE ADJUDGED.— A case of prosecution for obstructing a public road, wherein the court holds that there is no evidence to justify a finding of a dedication, and as the land was not used as a road for the space of ten years, it could not have become a road by user.

APPEAL from Clinton Circuit Court, HON. GEO. W. DUNN, Judge

*Reversed and defendant discharged.*

The case is stated in the opinion.

CHAS. INGLES and ROLAND HUGHES, for the appel-, lant.

I. The court found the defendant guilty after giving the following declaration of law: "If the court, sitting as a jury, believe from the evidence that the road which defendant is charged with obstructing was established in 1855, upon the petition of George B. White and others, which called for the line between Susan Craig and George B. White, and that, in pursuance of said petition, the county court of Clinton county sent its commissioners to locate said road, and that said commissioners in fact located the road along the line between said White and Craig, making said line the northern boundary of the road, the same being all on the land of said White, and that said White consented thereto, and acquiesced therein, and that the road was opened on said White's land at his own request; and that he built and adjusted his fences in accordance with said actual location; and that the road remained and was traveled there, up and until some time in April or May, 1875; and that said traveled road was shifted over the said line by reason of defendant's grantors having set in their fence for their own convenience, and not with the purpose of dedicating the ground set out to the public; and that defendant, in March, 1885, set his fence back to his original line, without any purpose of obstructing the road or travel therein, but in good faith to enclose his own land, then the verdict and finding of the court must be for the defendant." The evidence is uncontradicted that the hypothetical facts stated in the declaration of law are the facts in the case. There is not a scintilla of evidence in contradiction of them, and no evidence tending to establish any other hypothesis.

II. There was no plea entered in this case as required by law. Rev. Stat., sects. 2043, 3052; *Wickersham v. Jarvis*, 2 Mo. App. 279.

III. The instruction asked by defendant and given, declares the law properly. 2 Rev. Stat. 1855, p. 1373, sect. 26, *et seq.; County of Cooper v. Guyer*, 19 Mo. 259; *Golahar v. Gates*, 20 Mo. 238; *Missouri Institute for Blind v. Howard et al.*, 27 Mo. 217; *Pierce v. Chamberlain*, 82 Mo. 618; *Brink v. Collier*, 56 Mo. 160.

IV. There are three, and only three, modes of establishing a public road: by prescription, by grant or dedication, and by proceedings before the county court. *State v. Walters*, 69 Mo. 463. (*a*) If this road was established by a proceeding in the county court, it was on the petition of George B. White and others, in July, 1855, and was necessarily under the statute of 1855. If under this statute, it was under section 26 (see second volume, page 1373), because there is no other provision in the statute of 1855. This section is as follows: "Any person wishing to cultivate lands through which any road may run, may petition the county court for permission to turn such road on his own land, or on the land of any other person consenting thereto in writing, at his own expense." There is no other provision in the statute of 1855, authorizing county courts to change any road. Therefore, however informal the petition may be, or inartistically drawn, it is evident that if the court entertained this petition by George B. White at all, it was under this statute, and to change this road at his own cost, and on his own land. This is the only statute under which the court could act, and if the court acted at all it was necessarily under this section. This is in perfect harmony with all the evidence, and especially the deposition of George B. White himself, whose testimony is entitled to special weight here, as he was the party most interested and whose interests were adverse to what he says the facts were. (*b*) There was no grant or dedication. (*c*) There was no prescription. The case of *Golahar v. Gates* (20 Mo. 238), is in point here, and establishes the doctrine that a person who is prosecuted for obstructing a public road

over his own land, may show that his property has not been condemned for public use in the manner prescribed by law. Judge Scott well remarks in delivering the opinion, "if this were not the law, a person may be deprived of his property, against his consent, without the least color of authority."

V. It was not a dedication, because that is a question of intent. *Pierce v. Chamberlain*, 82 Mo. 618. There was no prescription, as ten years had not elapsed since the fence was set in. *State v. Walters*, 69 Mo. 463.

No brief for the respondent.

Ellison, J.—This was a prosecution begun before a justice of the peace on information, for obstructing a public road. Defendant was convicted and appealed to the circuit court, where he was again convicted.

Without going into a detailed analysis of the testimony, I will say that the record before us shows the road charged to have been obstructed was not the original road as established by the county court, but is one made by defendant's grantors setting in their fence; that the alleged obstruction was by defendant moving the fence out on or near the line where it stood before it was moved in. There is no evidence to justify a finding of a dedication, and as the land was not used for the space of ten years it could not have become a road by user.

The judgment should, therefore, be reversed and the defendant discharged. All concur.