State of Missouri, Respondent, v. Thomas G.
Bradley, Appellant.

Kansas City Court of Appeals, May 23, 1888.

1. Jurisdiction—Enforcement of Penalty for Obstructing Public Road—Construction of Section 6964, Revised Statutes. Under section 6964, Revised Statutes, providing for the enforcement of the penalty against the offence of obstructing a public road, and under the terms of sections 1760 and 1761, Revised Statutes, conferring jurisdiction in cases of misdemeanor, the remedy provided by the statute is concurrent; and the remedy provided in a justice's court is not exclusive, so as to take away jurisdiction from circuit courts, and the statute provisions are in conformity with the constitution of this state.

2. Practice—Limitation—Case Adjudged.—Where, as in this case, the evidence clearly shows that the obstruction was continued by the defendant, and existed on the day alleged in the information,— a day within the year next preceding the filing of the information —this was sufficient to sustain the prosecution. It was not necessary, in such case, that the information should have contained a *continuando* as in case of a prosecution for levying a nuisance sought to be abated.

3. Public Road—When so Constituted by User—Rule Concerning in This State.—A road may become a public highway by user, for the obstruction of which a prosecution will lie. It is no longer an open question in this state that the continued use of a road by the public for a period of ten years, will constitute it a public road, for the obstruction of which the offender may be proceeded against criminally. (*State v. Proctor*, 90 Mo. 334.)

4. Practice—Instructions—Inconsistency—Case Adjudged.—There is no inconsistency between instructions, which on the one hand require a user to be shown, and on the other explain the character of the user referred to in the first instance. Nor is there any valid objection to the words "wilfully" and "knowingly," as used in the instructions in this case.

Appeal from Johnson Criminal Court, Hon. John
E. Ryland, Judge.

*Affirmed.*

The case is stated in the opinion.

SAMUEL P. SPARKS, for the appellant.

I. This proceeding was bottomed on the following section of the Revised Statutes of Missouri: "If any person shall wilfully or knowingly obstruct any public road * * * he or they shall each pay a fine of not less than twenty dollars, to be recovered by indictment or information before a justice of the peace." Rev. Stat., 1879, sec. 6964; Laws 1883, sec. 33, p. 165; Laws 1887, sec. 36, p. 254. (a) It is plain that the statute did not provide for a proceeding by information in the criminal court, but only before a justice of the peace. (b) This being a statutory offence, the proceedings must be in the tribunal prescribed by the statute, and the criminal court could only try defendant upon an indictment; and the attempted conviction upon an information was a nullity, and this appearing upon the face of the proceedings, the criminal court had no jurisdiction of the offence, and the judgment should be reversed and the defendant discharged. *Journey v. State*, 1 Mo. 428; *Corwin v. State*, 4 Mo. 609; *State v. Huffsmidt*, 47 Mo. 72; *Ex parte Slater*, 72 Mo. 102. (c) Want of jurisdiction over the subject-matter can be taken advantage of at any time. *Henderson v. Henderson*, 55 Mo. 534; *Graves v. McHugh*, 58 Mo. 499.

II. All the testimony conclusively established that the acts constituting the alleged offence were committed more than a year prior to the filing of the information, and that the offence was barred. Rev. Stat., sec. 1705.

III. The description of the alleged public road was unintelligible, and the road could not be identified by the description. A criminal charge is bad which fails to inform defendant of the nature of the offence. Const. Mo., art. 2, sec. 22; *State v. Gabriel*, 88 Mo. 631.

IV. Before the highway could have been acquired by user alone, it was essential that such use should have

been continuous and uninterrupted for the requisite period of time, as declared in defendant's instruction. This ingredient was ignored in. the instructions given for the state, which were in conflict with defendant's instruction. *State v. Culver*, 65 Mo. 607. The owner cannot be deprived of the use of his land by user in the public for a highway short of the period of twenty years, except when the road has been ordered opened by a competent authority, and been used by the public continuously and uninterruptedly for the full period of ten years. *State v. Culver, supra;* Laws 1883, sec. 58, p. 170; Laws 1887, sec. 57, p. 257.

V. The penalty of this statute is only denounced against obstructors of roads legally established by or ordered opened by some competent authority.

VI. The definition of the words "wilfully" and "knowingly," contained in the eighth instruction for the state, was erroneous. The word "wilfully," as employed in this statute, means legal malice or evil intent, the absence of reasonable ground for belief that the act charged· was unlawful, not merely intentional, as declared by this instruction. In penal and criminal statutes, it means that the act was done wrongfully. *Schubert v. State*, 16 Tex. App. 648; *Trice v. State*, 17 Tex. App. 43; *Brinkoeter v. State*, 14 Tex. App. 67; *Thomas v. State*, 14 Tex. App. 200; *State v. Preston*,. 34 Wis. 675; 1 Bish. Crim. Law, sec. 421; *State v. Abram*, 10 Ala. 928; *McManus v. State*, 36 Ala. 285; *Commonwealth v. Kneeland*, 20 Pick. 206, 220; *Commonwealth v. Bradford*, 9 Met. 268. The definition of the word "knowingly," in the same instruction, was erroneous and misleading, and would authorize a conviction, though the defendant was actually ignorant of the existence of the road.

VII. The fifth instruction for the state made the offence a continuing one. There was no *continuando* charged in the information. Though it were a continuing offence, without this the instruction was erroneous. 1 Bish. Crim. Proc., secs. 393, 394, 395, 396.

VIII. The seventh instruction for the state was vicious, in telling the jury that, because the defendant had testified in his own behalf, they should consider this fact in determining his credibility.

IX. The fourth instruction of defendant, refused by the court, correctly declared the law.

X. The court erred in refusing the fifth instruction of defendant; by so doing, it declares that it was not necessary that the indictment read in evidence should be for the identical offence charged in the information to suspend the running of the statute during its pendency.

XI. The court erred in admitting oral testimony tending to show the existence of a public road, and to make out the offence, in view of instruction numbered two, given for defendant, declaring a legally established public road on the line, just as defendant contends, and upon the faith of which he erected his fence twenty feet north of that line.

B. G. Boone, Attorney General, R. M. Robertson, Prosecuting Attorney, and W. W. Wood, for the respondent.

I. The section of the road law, under which the information in this case was filed, was first enacted in 1877. Acts 1877, p. 401. When a former provision is contained in a revised law, it operates only as a continuance of its existence, and not as an original act. Cape Girardeau v. Riley, 56 Mo. 424; State ex rel. v. Heidorn, 74 Mo. 410. The law as to jurisdiction was enacted in 1879, and being the later act repeals the above section of the road law to the extent that it conflicts with the same. Rev. Stat., 1879, sec. 1761. A fine, penalty, or forfeiture may be recovered by information or indictment, notwithstanding another, or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty, or forfeiture. Rev. Stat., 1879, sec. 1674. An information in a road obstruction case, filed after the law of 1877 (which is the same on that point as the road law of

1883) went into effect, held good. *State v. McCrary*, 74 Mo. 303.

II.   We think it clear from the face of the indictment offered in evidence that the road described therein was the same as the road described in the information. The proof offered by the state furnished abundant evidence from which the jury might have found that the offence charged in the indictment and that charged in the information, were one and the same ; and that being the case, the statute of limitations did not run. Rev. Stat., sec. 1707 ; *State v. Primm*, 61 Mo. 166 ; *State v. Owens*, 78 Mo. 376 ; *State v. English*, 2 Mo. 182.

III.   The instructions given for defendant and those given for the state are not in conflict, nor inconsistent with each other.   Taken together, the jury could not have been misled by them.

IV.   As to the point that use for twenty years is necessary, "except when the road has been ordered by competent authority," etc., we have only to cite the following:   Rev. Stat., 1879, sec. 6981 ; *State v. Walters*, 69 Mo. 463 ; *State v. Wells*, 70 Mo. 635 ; *State v. Proctor*, 90 Mo. 334.

V.   In answer to defendant's array of "foreign" authorities on the definition of the word "wilfully," we cite the following Missouri cases, to which many more might be added. *State v. Talbott*, 73 Mo. 350 ; *State v. Thomas*, 78 Mo. 327 ; *State v. Brooks*, 92 Mo. 553.   The definition of the word "knowingly," in this class of cases, is fully substantiated by *State v. Wells*, 70 Mo. 635.

VI.   If the information had charged the commission of the offence on a date more than one year before the filing of the information, undoubtedly it would have been necessary to allege a *continuando*, but as the offence was charged to have been committed within a year, it was unnecessary. *State v. Gilbert*, 73 Mo. 20 ; *State v. Meyers*, 68 Mo. 266 ; *State v. English*, 2 Mo. 182.

VII. The fourth instruction for defendant was properly refused. "It makes not the slightest difference in this case whether defendant had any knowledge of the fact that the road was legally established or not." *State v. Wells*, 70 Mo. 635 ; *State v. Julian*, 25 Mo. App. 137. The fifth instruction was properly refused. It ignored the evidence tending to show that the offence was a continuous one. *State v. Gilbert*, 73 Mo. 20.

VIII. Appellant's eleventh point is fully answered by the authorities cited under our fourth paragraph.

SAM'L. P. SPARKS, in reply.

I. The contention of respondent that section 1761 repeals by implication section 6964 is without foundation. The former expressly provides : "All misdemeanors shall be prosecuted by indictment or by information in the court having jurisdiction thereof." How can a repeal of the special jurisdiction confined to justices of the peace of this sort of action be predicated of this language ? Repeals by implication are never allowed unless the two acts are so inconsistent that they are repugnant—wholly irreconcilable—so inconsistent as not to stand together. *Glasgow v. Lindell*, 50 Mo. 60 ; *McVey v. McVey*, 51 Mo. 406 ; *Railroad v. Cass Co.*, 53 Mo. 17 ; *State v. Debar*, 53 Mo. 395 ; *State v. Jaeger*, 63 Mo. 403.

II. Section 1674 is a provision wholly concerning the remedy ; does not in the least affect the special jurisdiction provided for in section 1761 ; is not *in pari materia*. This section ( striking out the words " or information " interpolated in the revision of 1879 ) has been on the statute books since the revision of 1855. Rev. Stat., 1855, sec. 33.

III. The case of *State v. McCrary*, 74 Mo. 303, cited as an authority under the proposition that the criminal court had concurrent jurisdiction with justices of the peace of this offence by information, is not in point—the offence in that case was charged to have been committed on May 1, 1877, only two days after the

approval of the act containing section 6964, and it is fair to presume that the trial court had not been informed of the provision of the statute, nor was the jurisdictional question here raised called to the attention or passed upon by the court, but was passed "by *sub silentio*, and with an 'upturned eye.'"

PHILIPS, P. J.—The defendant was, on information, convicted for obstructing a public road in Johnson county, and from the fine assessed he has appealed.

I. His first contention is, that the proceeding by information for this offence is restricted solely to a prosecution instituted in a justice's court. This proposition is based upon a technical construction of the language of the statute ( Laws 1883, sec. 33, p. 165 ) on which the prosecution is based. It declares that for such offence the offender shall pay a fine of not less than twenty dollars, " to be recovered by indictment or by information before a justice of the peace."

This statute was first enacted in 1877. Laws Mo. 1877, p. 401, sec. 34. It was afterwards imported into the revision of 1879 (vol. 2, sec. 6964). Prior to this act of 1877 the corresponding provision in the road law, denouncing the offence of obstructing a public road, made no provision as to the manner of enforcing the penalty. Gen. Stat., 1865, sec. 45, pp. 295, 296. The mode of its enforcement was prescribed in section 30, page 828, General Statutes, 1865, which provided that whenever a fine, penalty, etc., is or may be inflicted by any statute for any offence, the same may be recovered by indictment, notwithstanding another or different remedy for the recovery of the same may be specified in the law imposing the fine, penalty, etc. At the time of the enactment of the provisions in the statute of 1865 the constitution did not permit such prosecutions by information. Const., 1865, sec. 24, art. 1. But the constitution of 1875 ( sec. 12, art. 2 ) authorized such offence to " be prosecuted criminally by indictment or *information* as concurrent remedies.'

By section 1760, Revised Statutes, it is provided that : "Except as otherwise provided by law, the circuit court shall have exclusive original jurisdiction in all cases of felony, and concurrent original jurisdiction with, and appellate jurisdiction from, justices of the peace,   *   *   *   in all cases of misdemeanor."

The following section (sec. 1761) provides that "all misdemeanors shall be prosecuted by indictment or by information in the courts having jurisdiction thereof. But that mode of procedure which shall first be instituted by the filing of the indictment or information for any offence, shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined ; and the court in which the prosecution shall be first commenced   *   *   *   shall retain jurisdiction and control of the cause to the exclusion of any other court, so long as the same shall be pending and undisposed of."

By special act creating the criminal court for Johnson county (Laws Mo., 1875, p. 42), the same jurisdiction is conferred on it, in criminal matters, as by general statute on the circuit courts. This is one of the exceptions "as otherwise provided", within the terms of section 1760. By this section concurrent original jurisdiction with justices of the peace "in all cases of misdemeanor" is expressly conferred on the circuit court; and by section 1761 "all misdemeanors shall be prosecuted by indictment or by information in the courts having jurisdiction thereof."

Said section thirty-four of the act of 1877 being carried into the revision of 1879 should, if possible, be made to harmonize with the general provisions of sections 1760 and 1761. If the language of section thirty-three, act of 1883 (Rev. Stat., 1879, sec. 6964) is to be literally construed, it would require that proceedings by indictment should be limited to justice's courts as well as proceedings by information. The language and punctuation are, "to be recovered by indictment or by information, before a justice of the peace." The result of the logic of appellant's contention, that the legislature having

provided a remedy in the statute creating the offence it is exclusive of every other remedy, would be that such offenders could not be prosecuted at all by indictment, as justices of the peace have no jurisdiction to proceed by indictment. It is unreasonable to conclude that the legislature intended to authorize the proceeding by indictment before a justice of the peace. It is equally untenable to conclude from the language employed that it was in the mind of the framer of the statute to provide an exclusive remedy in a justice's court. No sufficient reason therefor occurs to my mind. Why should it have been designed or desired by the legislature to take away from the circuit courts jurisdiction by information when the constitution declared the remedies by indictment and information to be concurrent, and when jurisdiction by indictment could alone be exercised by the circuit court?

There is the less difficulty in this matter, when it is stated, that the very legislature which enacted the road law of 1877 had, just ten days prior to its passage, declared that, "hereafter circuit courts and justices of the peace shall have concurrent jurisdiction in all cases of misdemeanors, except in cities having courts of exclusive criminal jurisdiction.". Laws Mo. 1877, p. 281. The framer of the road law is to be presumed to have had in his mind this prior enactment; and it is not reasonable to conclude that he designed to take away the general jurisdiction conferred by the provisions above quoted over this special misdemeanor, by merely conferring jurisdiction on a justice of the peace to proceed by information. So when the legislature made the revision in 1879, discovering perhaps the state of the statute respecting prosecutions of misdemeanors alone by indictment, they put in the amendment in section 1761, authorizing prosecutions by information in the circuit courts. As the two statutes now stand, the provision in the road law authorizing prosecutions before a justice of the peace by information, and in like manner

in the circuit courts under the general provision respecting all misdemeanors, are perfectly consistent, as concurrent remedies; with the reservation that the court first acquiring jurisdiction by information shall hold it to the exclusion of the other. In the case of *State v. McCrary*, 74 Mo. 303, the right to proceed by information for this offence in the circuit court passed unchallenged. It is suggested by appellant's counsel, that the offence there was alleged to have been committed on the first day of May, 1877, which was shortly after the act of 1877 was adopted, and before it had gone into effect under the ninety days' rule. But as the proceeding by information applies only to the remedy, the presumption is that the information was not lodged until after the road law of 1877 had gone into effect, when it was permissible to proceed by information, although such remedy did not exist at the time the offence was committed. This must be so, as without the act of 1877 there was no statutory provision for proceeding by information. It is not to be presumed that the Supreme Court overlooked, in the consideration of the appeal, therein, so important a question as that underlying the very jurisdiction of the court which convicted the defendant.

II. It is next contended by appellant that the evidence showed the offence, if any, was committed more than one year prior to the filing of the information, and, therefore, the prosecution is barred. Rev. Stat., sec. 1705. The state sought to remove this objection by putting in evidence the record of a former indictment for this offence, in which the state had entered a *nol. pros.* on the same day on which the information was made. To this defendant interposed the objection that on its face it did not sufficiently appear that the indictment was for the same offence, and there was no proof offered by the state *aliunde* to so identify the two prosecutions. We do not deem it necessary to determine this issue of fact, as the evidence clearly shows that the obstruction was continued by the defendant, and existed on the day

alleged in the information, a day within the year next preceding the filing of the information. This was sufficient to maintain the prosecution. *State v. Gilbert*, 73 Mo. 21. It was not necessary, in such case, that the information should have contained a *continuando*, as in case of a prosecution for levying a nuisance sought to be abated. 1 Bish. Crim. Proc., sec. 397, last paragraph.

III. It is further contended that the denunciation of the statute is against the obstruction of a road legally established by some competent authority, and not of a road constituted by user. This is based upon the concluding clause of said section thirty-three of the road law, "and upon trial of any such indictment or information, it shall only be necessary for the prosecution to prove that such road has been established by order of the county court, and the same had been used as a public road."

This by no means limits the offence to the instance of a road created and opened by order of court. Its meaning is, that in a case where the prosecution relies upon the fact of a road created by court, it shall only be necessary to prove the enumerated facts. It was not designed to affect the established rule of law in this state, that a road may become a public highway by user, for the obstruction of which a prosecution will lie. It can no longer be regarded as an open question in this state, that the continued use of a road by the public for a period of ten years will constitute it a public road, for the obstruction of which the offender may be proceeded against criminally. *State v. Walter*, 69 Mo. 463; *State v. Wells*, 70 Mo. 635; *State v. Proctor*, 90 Mo. 334. There was sufficient evidence of such user in this case to support the verdict, although there was evidence on the part of defendant from which a different conclusion might possibly have been reached by the jury. Their conclusion on a disputed question of fact is binding on the court.

IV. Criticism is made of the instructions given on behalf of the state, in that they did not require that such *user* should have been continuous.

The first instruction required the jury to find that the point of the road in controversy had been used and traveled as such by the public, and had been claimed and recognized, used, worked, and repaired when necessary as a public road for a period of ten years or more. This instruction was approved by the Supreme Court in *State v. Walter, supra*. And if there could be any question as to what the jury must have understood by it, in the particular complained of, there can be little ground of doubt when it is read in connection with the other instructions in the case. The eighth instruction given for the state required the jury to find that the road had been opened and used by the public as a road for ten years *consecutively*. And, on the part of the defendant, the court directed the jury as follows:

"1. The court instructs the jury that before they can find the defendant guilty of an obstruction of a public road established and acquired by user alone, you must find that the part so obstructed was actually used continuously by the public generally without interruption or intermission for a definite period of time for the full period of ten years before the date of the alleged obstruction, and the burden of so establishing rests upon the state, and unless it has so affirmatively established, you should acquit."

"2. The court instructs the jury that there was a legally established road on and along the line dividing the lands described in the evidence as the lands of Starkey and Fulkerson, and that the public could not acquire a public road by user, by occasionally, in the use of said public road, departing from that public road on to the adjoining premises unless such departure and travel was kept up continuously without interruption or intermission for the definite period of time for the full period of ten years."

There is no possible inconsistency between these declarations and those given for the state, those for the defence merely explaining the character of the ten years' use required in the first.

V.   The following instruction is objected to :

"The word 'wilful,' as used in the information, means that the act was done intentionally, and not accidentally.   By the word 'knowingly,' is meant that the defendant knew that the act as done would obstruct or lessen the facilities for travel ; and if the jury find from the evidence that the road had been a legally established public road, by use for ten years or more, and that the defendant obstructed the same in the manner alleged, then they will find him guilty, although they may further find that he had no knowledge that the road had been a legally established public road by use for ten years or more, and that the defendant obstructed the same in the manner alleged, then they will find him guilty ; although they may further find that he had no knowledge that the road had been legally established."

The first criticism is made of the definition given to the words "wilfully" and "knowingly."   It is contended that the word "wilfully," as employed in this statute, implies legal malice, and evil intent.   This word, as employed in indictments for graver offences, such as homicide, has acquired a well-defined meaning in our practice, which accords with that given by this instruction.   State v. Talbott, 73 Mo. 350 ; State v. Thomas, 78 Mo. 333 ; State v. Brooks, 92 Mo. 553.   We perceive no good reason why the legislature in this statute, respecting a mere misdemeanor, should have employed this term in any more enlarged sense than the one long accepted by our courts.   The element of malice, or evil intent, is not essential under this statute.   State v. Wells, 70 Mo. 635 ; 2 Bish. Crim. Proc., 42, 43 ; Harrison v. State, 37 Ala. 156.   Nor do we think the definition given to the word "knowingly," and what is said of the defendant's knowledge, in this instruction, are objectionable.   In State v. Wells, 70 Mo. 638, Sherwood, C. J., said :   "It

makes not the slightest difference in this case whether the defendant had any knowledge of the fact that the road was legally established or not. The offence with which he was charged is a misdemeanor, and in that class of offences the intent which prompts the act possesses no significance."

VI. Other objections are raised by appellant, but they are not of sufficient merit to affect the result, or to justify further discussion. The case appears to have been well and fairly tried.

The judgment is affirmed. All concur.