Haniford v. The City of Kansas.

---

HANIFORD v. THE CITY OF KANSAS, *Appellant.*

DIVISION ONE.

1. **Practice in Supreme Court:** HEARING BY PERSONS NOT PARTIES. The supreme court may, in the exercise of its discretion, upon a proper showing, permit persons, not parties to the appeal but having some interest in the event of the litigation, to be heard.

2. **Municipal Corporations:** DUTY OF CITY TO KEEP STREETS IN SAFE CONDITION FOR TRAVEL. A city is bound to keep its streets which are open to public use in a condition of reasonable safety for legitimate travel by night as well as by day.

3. ———— : ———— : NOTICE OF DEFECT. Notice to the municipality of the defect need not be shown in order to charge it with liability where such defect from which damage results has been produced by acts done with the express sanction of the municipality.

4. **Practice:** INSTRUCTION : HARMLESS ERROR. The refusal of an instruction asked by one party involving a question of fact presented by the evidence will not constitute substantial error, where the point it submitted to the jury for a finding was necessarily included in the finding under another instruction given for the adverse party.

5. ———: EXCEPTIONS. The supreme court will not review any matter of exception upon appeal which has not been expressly passed upon by the trial court. (R. S. 1889, sec. 2302.)

6. ———: DAMAGES: INSTRUCTION. An instruction in an action for damages which authorizes a finding in such sum as the jury may believe from the evidence "is a fair and reasonable compensation" for plaintiff's injuries received from the accident, including physical pain, suffering, mental anguish and permanent injury, is not open to the objection that it fails to confine the jury to the consideration of the elements of damage specified and allows any finding the jury may deem fair and reasonable.

7. ———: INSTRUCTIONS: ERROR. A judgment will not be reversed for every obscurity or inaccuracy of expression that an instruction may disclose. To warrant a reversal there must be positive error materially affecting the merits of the action.

8. Verdict: EXCESSIVE DAMAGES. A verdict for $3,500 for personal injuries *held* not excessive in this case.

*Appeal from Jackson Circuit Court.*—HON. T. A. GILL, Judge.

AFFIRMED.

PLAINTIFF'S action is for personal injuries sustained, one night in December, 1886, in consequence of a fall into an excavation in one of the public thoroughfares of defendant which the latter negligently permitted to remain open, unguarded, unlighted and dangerous to persons using the street.

Defendant answered by a general denial and a plea of plaintiff's contributory negligence, to which there was a general reply.

The action originally proceeded against the present defendant and the Metropolitan Street Railway Company, by which company the alleged excavation was said to have been made under authority from the city. At the trial, however, when the evidence closed, the court instructed the jury that the plaintiff could not recover against the street railway company and accordingly a finding and judgment in favor of that defendant ensued as well as a verdict for plaintiff against the city for $3,500.

The other instructions of the court were as follows: For plaintiff: "1. If the jury believe from the evidence, that on or about the nineteenth day of December, 1886, the defendant, the Metropolitan Street Railway Company, under and by virtue of a franchise granted to it or to the Corrigan Consolidated Railway Company, by the defendant, the City of Kansas, and transferred to it by purchase or otherwise, made in Ninth street, between Wyoming and Bell streets, in the City of Kansas, an excavation; and that said excavation, at or about that time, was carelessly and negligently left unlighted, and without guards or railings, or danger signals; and the plaintiff, while attempting to pass along said street, in the night, without fault on his part, fell into said excavation and was injured, then you should find for the plaintiff against the defendant, the City of Kansas.

"2. If you find for plaintiff, you will assess his damages at such sum as you believe from the evidence, is a fair and reasonable compensation for his injuries, received by means of falling in said excavation, including his physical pain and suffering and mental anguish, including permanent injury sustained if you believe his injuries are permanent, not exceeding $10,000."

For defendant: "1. If the plaintiff knew, or might by the exercise of ordinary care at the time have known, of the condition of Ninth street, where he alleges he was injured, and yet took upon himself to pass along the street, when by the exercise of ordinary care and prudence he could have avoided any trench or excavation in said street, then your verdict must be for the defendant, the City of Kansas.

"2. If the plaintiff was himself guilty of any carelessness or negligence that directly contributed to any injury which you may believe from the evidence he received by falling into the excavation in said Ninth street, then your verdict must be for the defendant, the City of Kansas; and for the purpose of determining whether or not the plaintiff was

guilty of such carelessness and negligence you may take into consideration the time of the day, and all the circumstances of the case. By the carelessness or negligence referred to on the part of the plaintiff, is meant an absence of ordinary care on his part, or such care as an ordinarily prudent or careful person would have exercised under the same or similar circumstances."

The plaintiff's own evidence in regard to the nature and extent of his injuries was that he had to be carried home; was on crutches four months; was not able to attend to his business for seven months and had not been in good health since the accident; that when he stands up for more than three hours at a time his ankle swells and becomes feeble and painful; that he suffered great pain and had been obliged to take opiates to induce sleep.

The physician who treated him for the injury was absent in New York at the time of the trial but another (who was called to examine plaintiff as an expert, with a view to giving medical evidence) testified that he "found the ankle very much swollen, especially on the external side, and evidence of effusion of blood; blackness and blueness on the outside of the ankle and around the ligaments at the back of the foot, the ligaments attached to the heel; a very hard concussion (of at least three inches or three and one-half inches) above the ankle on the small bone of the leg, as if it might have been broken—at least, it showed it had been acutely inflamed at that time; the foot somewhat turned to the inside as if it had not been perfectly reset; it had not assumed the normal condition corresponding with the other foot; the evidences were that the small bone had been fractured about three and one-half inches above the ankle-joint, the fibula;" that this joint had been seriously injured and had stiffened; that, while the fracture of the small bone would probably be permanently repaired, an injury to the joint would be more or less permanent for life; that if the foot was turned out,

forcibly and suddenly, the internal side ligament is liable to rupture, and that ruptured ligaments are more permanent injuries than broken bones.

The evidence relating to the defendant's alleged negligence will be commented upon in the opinion.

The only instruction offered by the defendant and refused by the court, on which error is assigned, reads thus:

"6. If you believe from the evidence that the plaintiff fell into a trench or excavation in Ninth street, which was made by a plumbing firm for doing plumbing, then your verdict must be for the defendants, regardless of whether or not there were any lights or barricades around and about such excavation made by said plumbing firm."

Defendant after saving exceptions took this appeal, and before the cause was reached in the supreme court the Metropolitan Street Railway Company filed a motion for leave to participate in the argument in the cause. The other material facts appear in the opinion.

*R. L. Yeager* and *W. S. Cowherd* for appellant.

(1) Plaintiff failed to show that the injury occurred within the limits of defendant city, and defendant's demurrer to the evidence should have been sustained. (2) The damages are excessive. *Adams v. Railroad,* 100 Mo. 555; *Lombard v. Railroad,* 47 Ia. 498; 39 Mo. App. 31. (3) Instruction 6, asked by defendant city, should have been given. *Smith v. Hutchinson,* 83 Mo. 690; *Stephens v. Macon,* 83 Mo. 355; *Buesching v. Gaslight Co.,* 73 Mo. 219; *Sheedy v. Streeter,* 70 Mo. 679; *Stewart v. Goodrich,* 9 Mo. App. 125; 18 Mo. 115. If defendant fell into the ditch dug by the plumber, the defendant city was entitled to a verdict. There was a failure of proof. *Waldheir v. Railroad,* 71 Mo. 514; *Price v. Railroad,* 72 Mo. 414; *Edens v. Railroad,* 72 Mo. 212; *Bullene v. Smith,* 73 Mo. 151; *Ely v. Railroad,* 77 Mo. 34. The rule of notice in case the injury

was occasioned by a ditch dug by plumbers without permit from the city, is different from the case stated in the petition. *Russell v. Columbia*, 74 Mo. 480; *Stephens v. Macon*, 83 Mo. 345. (4) The instruction asked by the Metropolitan Street Railway Company should have been refused. It was liable to both plaintiff and the city. *Chicago v. Robbins*, 4 Black. 418; *Robbins v. Chicago*, 4 Wallace, 657; *Water Co. v. Ware*, 16 Wall. 566; *Inhabitants v. Railroad*, 23 Pick. 24; *Brooklyn v. Railroad*, 47 N. Y. 484; *Dillon v. Hunt*, 82 Mo. 155; *Sheehy v. Railroad*, 94 Mo. 579. The city was entitled to a verdict against the railway company that would be conclusive upon it, and should not be put to the expense of another suit. *Robbins v. Chicago*, 4 Wall. 657; *Fisher v. Thirkel*, 21 Mich. 21; *Cheatham v. Hampson*, 4 D. & E. T. R. 318; *Lowell v. Spaulding*, 4 Cush. 277. The city has the right to insist in this court that the railway company should not have been discharged, and that the judgment should not stand. *Eichelmann v. Weiss*, 7 Mo. 89; *Miller v. Bryden*, 34 Mo. App. 609.

*Pratt, Ferry & Hagerman* for the Metropolitan Street Railway Company.

(1) The court erred in admitting in evidence each of the following sections of the revised ordinances: Sec. 5, p. 172; sec. 12, p. 173; sec. 21, chap. 34, div. 19; sec. 2, p. 242; because they were wholly irrelevant, immaterial and incompetent, and their admission only tended to mislead the jury. (2) Instruction 2, given for the plaintiff, was erroneous, in that the general statement authorizing an award of damages was not limited by the latter part of the instruction. (3) Plaintiff's instruction, numbered 2, was erroneous for two reasons: *First.* The evidence did not warrant a submission of the question of permanent injuries. *Second.* The instruction permitted a recovery for permanent

injuries without the requirement that such permanency was found to be reasonably certain. *Curtis v. Railroad,* 18 N. Y. 534; *Fry v. Railroad,* 45 Ia. 416; *White v. Railroad,* 18 Am. and Eng. R. R. Cas. 213; 3 Sutherland on Damages, 261.ʼ (4) Instruction 6, asked by the city, should have been given. The facts stated would, if found, have made a failure of proof. *Waldhier v. Railroad,* 71 Mo. 514. The evidence warranted the submission of the question. The point contended for by respondent, to the effect that instruction 1, given for plaintiff, required a finding to the ‚contrary of the facts stated in said instruction 6, has no application. *Dewitt v. Railroad,* 50 Mo. 302, 305; *Parkhill v. Town of Brighton,* 61 Ia. 103. (5) Plaintiff's first instruction does not define negligence, and it is too general and sweeping. The jury should have been told what was negligence. It was nowhere defined. *Goodwin v. Railroad,* 75 Mo. 73–75; 2 Thompson on Trials, secs. 1713–2327.

*Sherry & Hughes* for respondent.

(1) Where the defendant's demurrer to the evidence offered by the plaintiff is overruled, and defendant introduces evidence on his own behalf, and the evidence, as a whole, entitles the plaintiff to go to the jury, the supreme court will disregard the demurrer to plaintiff's evidence, even though it should have been sustained. *Bowen v. Railroad,* 95 Mo. 268; *Guenther v. Railroad,* 95 Mo. 286; *McPherson v. Railroad,* 97 Mo. 253. (2) Where all the issues tendered by the plaintiff are supported by evidence, and there is evidence of a contrary character, the case should be submitted to the jury. *Brown v. Railroad,* 99 Mo. 310. (3) Where the testimony is clear, and to the effect that the plaintiff, as in this case, used due care, it cannot be said on all the evidence that the plaintiff was guilty of negligence. Whether he was or not was a question for the jury. *Brown v. Railroad, supra.* (4) It is the duty

of a city to keep its streets and sidewalks in a reasonably safe condition for persons traveling thereon, and this duty cannot be evaded or cast upon others by any act of its own. *Norton v. St. Louis*, 97 Mo. 537; *Riley v. City of Kansas*, 87 Mo. 103. "Nor can this duty be evaded, suspended or cast upon others by any act of its own." *Cases, supra; Russell v. Columbia*, 74 Mo. 480; *Welsh v. St. Louis*, 73 Mo. 71; *Flynn v. Canton Co.*, 40 Md. 312; *Vandyke v. Cincinnati*, 1 Disney, 532; *Dist. Columbia v. Woodbury*, 10 Sup. Ct. Rep. 990; 2 Dill. Mun. Corp. [3 Ed.] secs. 1027, 1035, 1037. (5) When the instructions given cover the law of the case, the court will not reverse for failure to give an instruction asked, although it may have been a proper instruction. *Flori v. St. Louis*, 3 Mo. App. 231; *Hamber v. Brasher*, 51 Mo. 439; *Porter v. Harrison*, 52 Mo. 524; *State v. Holmes*, 54 Mo. 153; *Myers v. Railroad*, 59 Mo. 223; *McKeon v. Railroad*, 43 Mo. 405; *Marshall v. Ins. Co.*, 43 Mo. 586; *Noble v. Blunt*, 77 Mo. 235; *Carlisle v. Keokuk, etc., Co.*, 82 Mo. 40. (6) The defendant, the City of Kansas, not having taken any exceptions to the action of the court in instructing a verdict for the defendant, the Metropolitan Street Railway Company, cannot now ask this court to review the action of the court on that question, even if it was error. *Tower v. Moore*, 52 Mo. 118; *Lohart v. Buchanan*, 50 Mo. 201; *Harrison v. Bartlett*, 51 Mo. 170; *Margrave v. Ausmuss*, 51 Mo. 561; *Waller v. Railroad*, 83 Mo. 608; *McIlvine v. Thompson*, 81 Mo. 647; *State v. Williams*, 77 Mo. 310. (7) The defendant, the City of Kansas, cannot ask to have the action of the trial court, in instructing the jury to find for the defendant, Metropolitan Street Railway Company, reviewed here, because not assigned as ground for new trial in the motion for new trial. *Brady v. Connelly*, 52 Mo. 19; *Bank v. Jilz*, 3 Mo. App. 598; *Hatcher v. Moore*, 51 Mo. 115; *Acock v. Acock*, 57 Mo. 154; *Blunt v. Zink*, 55 Mo. 455; *Margrave v. Ausmuss*, 51 Mo. 561;

*Blakely v. Railroad*, 79 Mo. 388; *State v. Burnett*, 81 Mo. 119; *Gaines v. Fender*, 82 Mo. 497; *Hulett v. Nugent*, 71 Mo. 131; *State v. Preston*, 77 Mo. 294. (8) The verdict of a jury will not be set aside or disturbed, on the ground that damages are excessive, unless the damages are so excessive as to induce the court to believe that it was the result of prejudice, passion or corruption. *Sherley v. Railroad*, 94 Mo. 575; *Goetz v. Ambs*, 27 Mo. 28; *Wells v. Sanger*, 21 Mo. 354; *Lanins v. Publishing Co.*, 20 Mo. App. 12; *Spear v. Hiles*, 67 Wis. 350; *Clark v. Improvement Co.*, 35 Fed. Rep. 478; *Barry v. Edmons*, 116 U. S. 550.

BARCLAY, J.—The motion made in this court by the Metropolitan Street Railway Company for leave to file a brief and argument on the part of appellant has been granted, though the judgment in its favor in the trial court has become final for the purposes of the present case. But, on a proper showing, this court, in the exercise of its discretion, may permit persons, not parties to the appeal, but having some interest in the event of litigation, to be heard, where the circumstances appear to justify it. We have, therefore, on this appeal, considered the points discussed in the brief filed by the counsel for the railway company as well as those made by the counsel for the city.

II. The plaintiff's testimony tended to show that while passing along West Ninth street near Wyoming street in the City of Kansas, about seven o'clock in the evening of December 19, 1886, he fell into an open, unlit and unguarded excavation in the street, immediately adjoining the footway for the public at that point. The excavation had been made by the Metropolitan Street Railway Company, in the progress of constructing the underground roadbed for its cable street railway line, by authority of the city; but the particular work in question was under control of an independent

contractor therefor, pursuant to a contract between him and the street railway company.

The issue we are now dealing with is between the municipality and the plaintiff, and what may be said in the course of this opinion is intended to apply only to the exact case before us.

The street was open to public use and the city was bound to keep it in a condition of reasonable safety for legitimate travel by night as well as by day. *Maus v. Springfield* (1890), 101 Mo. 613; 14 S. W. Rep. 630.

Frequently (as in the case cited) notice to the municipality of a defect in the street is necessary to fix a liability upon the former, but such notice need not be shown where the condition of the roadway, from which damage results, has been produced by acts done with the express sanction of the municipality. Here the city authorized the excavation in question as a necessary part of the construction of the roadbed of the cable railway line, along and beneath the surface of the street. Such being the fact the intervention of no independent subcontractor for any part of the work (essentially embraced within the general plan, as authorized by the city) could relieve the latter from liability for its failure to enforce the taking of such precautions in the course of the work, as would keep adjacent portions of the public thoroughfare reasonably safe for the purposes for which they were left open for use.

In *Barry v. St. Louis* (1852), 17 Mo. 121, a different opinion on this point was expressed by a majority of the court (RYLAND and GAMBLE, JJ.), SCOTT, J., dissenting; but that ruling has since been expressly disapproved and cannot now be accepted as authority. *Welsh v. St. Louis* (1880), 73 Mo. 71; *Russell v. Columbia* (1881), 74 Mo. 491.

III.   Error is next asserted of the refusal of the trial court to give the instruction, numbered 6, as requested by defendant.

The evidence on the subject to which that request relates we will assume (though plaintiff denies it) tended to prove that plaintiff fell into another excavation than that dug for the street railway company, and that the one in which he was hurt had been made by a firm of plumbers, at a place distant about one city block from the point which the railway work (in the same street) had reached when plaintiff was injured.

Such testimony would go to negative the case presented by the plaintiff's evidence and, if believed by the jury, they would necessarily have found for defendant under the instruction, numbered, 1, given at plaintiff's instance, which required them to find (as essential to a verdict for him) that the excavation into which plaintiff fell was made by the railway company in Ninth street between Wyoming and Bell streets.

The refused request might properly have been given but we cannot justly regard its refusal as an error affecting the substantial rights of the defendant (R. S. 1889, sec. 2100) when the point it presented for a finding of fact was necessarily involved in the finding under the other instructions given. *Hamby v. Brasher* (1873), 51 Mo. 439.

IV.   It is then insisted by the city that the court erred in giving the instruction that there could be no recovery against the Metropolitan Street Railway Company, one of the original defendants; but this point is met by the fact that no exception by anyone was noted to the action of the trial court in that particular. This court cannot properly review any exceptions but such as have been "expressly decided" by the trial court. R. S. 1889, sec. 2302, formerly R. S. 1879, sec. 3774.

V.   An ingenious attack has been directed upon the instruction, numbered 2, given at plaintiff's request, regarding the measure of damages. It is said that it fails to confine the jury to the consideration of the elements of damage specified in its closing lines and

authorizes any finding that the jury may deem fair and reasonable.

It certainly is not as clear in this respect as we should wish to see it, but we are not required to reverse a judgment for every obscurity or inaccuracy of expression that an instruction may disclose. To warrant a reversal there must be positive error such as in our opinion materially affects the merits of the action. R. S. 1889, sec. 2303, formerly R. S. 1879, sec. 3775. This instruction closely resembles the fifth given in *Waldhier v. Railroad* ( 1885 ), 87 Mo. 37, which is recited in full in *Hawes v. Stock-Yards Co., ante,* p. 60. We think that the remarks in the former decision, as quoted in the latter, apply with equal force to the instruction before us, and that the giving of it by the trial court is not reversible error in this case.

VI. The damages awarded plaintiff ( $3,500 ) we do not consider as warranting interference by this court in view of the evidence touching the nature and extent of his injuries. *Klutts v. Railroad* ( 1882 ), 75 Mo. 643.

VII. A point has been made on the admission in evidence of certain ordinances of the City of Kansas, claimed to be irrelevant and immaterial. But the ordinances in question have not been preserved in the bill of exceptions and cannot properly form a subject for review.

No other assignments of error appear to require mention. The judgment is affirmed, with the consent of all the members of this division.