CHAS. W. GARNETT, Respondent, v. THE CITY OF SLATER, Appellant.

Kansas City Court of Appeals, January 29, 1894.

1. **Municipal Corporations:** STREETS HOW SHOWN. A street may be shown to be a public thoroughfare not only by evidence that it has been formally laid out by ordinance but also by evidence of dedication, acceptance and user.

2. ——: ——: ESTOPPEL. To establish the character of the locality where an injury occurred as a part of a public street, nothing more is essential than to show that it was in the actual possession of the city and opened and used by the public as a thoroughfare at the time; but mere use by the public of a piece of private ground as a thoroughfare does not, without more, impose a duty upon the city to keep such thoroughfare in a safe condition—there must, in addition, be recognition or the exercise of jurisdiction over it.

3. ———: ———: USER: DIVERGENT TRACKS. He who claims an easement over the land of another by uninterrupted adverse enjoyment thereof for over ten years must show adverse enjoyment has been in the same place within definite line, and not spread out over open ground in many divergent tracks.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*Davis & Burks* for appellant.

(1) The demurrer to the evidence should have been sustained. The plat introduced by plaintiff showed that there was no street or highway at the point where the fence was built, and negatived the intention to dedicate land for a street at said point. And no act of the owner of the land is proved to show an intention different from what appears from the plat. The evidence shows that the plat was on record as required by law. *Brink v. Collier*, 56 Mo. 160; *McShane v. The City of Moberly*, 79 Mo. 41; *Landis v. Hamilton*, 77 Mo. 554; *Tucker v. Conrad*, 103 Ind. 349; 2 Dillon on Mun. Corp., sec. 637. (2) Plaintiff's first instruction should not have been given. It is based on a theory not warranted by the evidence in the case. The evidence, so far from showing acquiescence on the part of the owner to the use of the land as a street, fails to show who was the owner, and also shows that the owner had filed a plat which contradicts the theory of acquiescence or dedication. *Landis v. Hamilton, supra.* (3) The court erred in refusing to give the seventh instruction asked by defendant. It declares the law correctly under the evidence. There was evidence tending to prove that the whole of the triangular piece of ground was used as a road and that no particular part was traveled exclusively. *Railroad v. Parker*, 41

N. J. Eq. 489; *Owens v. Crosselt*, 105 Ill. 354; 9 Am. and Eng. Ency. of Law, 368, sec. 3.

*John A. Rich* and *Leslie Orear* for respondent.

(1) The court did not err in overruling defendant's demurrer to the evidence. It was only necessary for plaintiff to show the possession of, and care over, the street, by the defendant—the user by the public as a highway—the injury sustained by his mules and the consequent damages, in order to make out his case. (2) This being a suit, not between the original owner of the land over which the street ran and the city, but an action accruing to one lawfully using the public highway within the corporate limits of the city and which was in the possession and under the control of the city, and constantly used by the traveling public, it is immaterial in this case whether there had been a dedication by the owner, or title to the highway by prescription, or otherwise; the fact of possession and control by defendant of said highway where the injury occurred is sufficient to sustain judgment. *Maus v. City of Springfield*, 101 Mo. 613; *Beaudean v. Cape Girardeau*, 71 Mo. 392. (3) The evidence in this case having shown that the street commissioner and city authorities of the city of Slater had at intervals since 1878, graded and worked the thoroughfare where the injury complained of occurred, the law presumes that such work was for the purpose of inducing the public to travel thereon, and the law imposes a duty upon the city to keep such portion of the highway in repair, and a liability for failure to keep it in repair. *Maus v. City of Springfield, supra*; *Friese v. St. Paul*, 18 Am. and Eng. Corp. Cas., 301; *Mansfield v. Moore*, 21 Ill. App. 326; 2 Dillon on Mun. Corp. [4 Ed.], sec. 1009.

SMITH, P. J.—This is a suit for damages for injury to two mules, caused by the negligence of the defendant in permitting a barbed wire fence to be constructed and maintained across an alleged street within the corporate limits of the city of Slater, whereby a team of mules owned by plaintiff were injured. It is admitted that at the time of the injury defendant was a city of the fourth class, and that the injury occurred within its corporate limits.

The evidence tended to prove that the mules were being driven in the night time, hitched to a wagon, in a northwesterly direction, and ran into a barbed wire fence at a point north of the north end of Morgan street, and where, according to the plat of said city, there was no street or public highway; but that for more than ten years prior to the erection of the fence which caused the injury, there had been an open space extending from a point south of the north end of Morgan street, west to a public road or street, and north to an alley, as shown also by the plat, and that north of said alley the land was unfenced, and that said open space was laid off in lots, and that for more than ten years the public travel usually ran across this triangular open space from said point until it reached the public road running north from the city. That while there was a beaten road at the point where the mules were injured, yet the travel was not confined to said road, but ran across said open space in different directions.

It was not shown that the traveled way from the end of Morgan street across the open lots to the public road had ever been recognized or claimed by the defendant city as a street.

The mayor of the city testified that he had held that office for some ten years, and that during all that

time the city had not exercised any control or jurisdiction over Morgan street beyond the alley where the plat of the city shows that it terminated, except on one occasion he directed the street commissioner to do some work on it north of the alley, but discovering that the city had no right there, he further directed him to discontinue his work and to leave the same in the same condition as he had found it. Outside of this work, there cannot be said to be any substantial evidence that the city had, at any time, assumed to exercise any jurisdiction over the alleged extention of the street. It was not shown who was the owner of the open lots across which the alleged street projection extended, nor that there had been any dedication of the same to public use or any acquiescence by the owner in the use by the public. The plaintiff had judgment, and the defendant has appealed.

Under this state of facts, was the city liable for the injury complained of? This depends upon the character of the locality where the injury occurred. If it was at a place in a public street which it was the duty of the city to keep in a safe condition for travel day and night, then it was liable, otherwise not. A street may be shown to be a public thoroughfare not only by evidence that it has been formally laid out by ordinance, but also by evidence of dedication, acceptance and user by the public as a highway. *Pierce v. Lutesville*, 25 Mo. App. 317; *Beaudeau v. Cape Girardeau*, 71 Mo. 396; *Maus v. Springfield*, 101 Mo. 613; *Haniford v. Kansas City*, 103 Mo. 172. But it is plain enough to be seen that the place where the injury occurred was no part of a public street within this rule. But may it not be that under the circumstances already stated the city is estopped to claim that the locality where the injury happened is not part of the legal highway? It has been declared by a number of author-

ities that where a municipal corporation has treated a piece of land within its limits as a public street, taking charge of it as such, it is chargeable with the same duties as though it were legally laid out, and in such case it is estopped to claim that such street is not a legal one. *Golden v. City of Clinton*, 54 Mo. App. 100; Dillon's Mun. Corp., secs. 1009, 1012, and cases cited to note 2, p. 1267; Herman on Estop. and Res Adjud., secs. 1222, 1223–1226; *Mansfield v. Moore*, 124 Ill. 133; *Veal v. Boston*, 135 Mass. 187. And the statement of the rule made in *Golden v. City of Clinton*, *supra*, to the effect that: "To establish the character of the locality where the injury occurred as a part of a public street, nothing more is essential than to show that it was in the actual possession of the city and open and used by the public as a thoroughfare at the time." And this statement of the law has the sanction of many authorities, some of which are cited in that case.

But the serious difficulty here is, that the evidence, instead of showing that the city had the actual possession of the supposed street north of the alley, showed the contrary to have been the fact. The mere use by the public of a piece of private ground in a city as a thoroughfare does not, without something more, impose a duty upon the city to keep such thoroughfare in a safe condition. There must be a recognition of it or an exercise of jurisdiction over it, in some way by the city, in addition to the public use, before this duty can be said to be laid upon it.

But this does not seem to be the only reason why the locality of the injury was not in a public street. If we concede the plaintiff's contention that there was considerable evidence of user extending back for more than ten years, still we do not think the judgment ought to stand. This evidence tended to prove that

from the north end of Morgan street the public did not travel north to the public road for ten years within the lines of Morgan street if it were extended north over the open lots to the public road. On the contrary, it appeared that from Morgan street north the lines of public travel were variant. There was such divergence from the end of Morgan street north to the public road that to borrow the expression of one of the witnesses the intervening open lots "was all road." Over these intervening open lots people traveled as they pleased, not confining themselves at all times to any definite track. While there undoubtedly was some travel over these open lots for more than ten years, we do not find that such travel was confined for that period within the lines of the alleged street where the injury happened. This is absolutely essential. The law is, that he who claims an easement over the land of another by uninterrupted adverse enjoyment thereof for over ten years, must show that such adverse enjoyment has been in the same place for that period of time. Elliott on Roads and Streets, 137; *State v. Bradley*, 31 Mo. App. 308; *State v. Scott*, 27 Mo. App. 541; *Railroad v. Parker*, 41 N. J. Eq. 489; *Owen v. Crosselt*, 105 Ill. 354.

Tested by the rules of the law that we have just indicated, it is manifest that the locality of the injury was not in a public street of the city or at a place where it was the duty of the city to keep open and safe for travel, and, therefore, there is no liability. It must, as a consequence, be ruled that the trial court erred in refusing to declare to the jury, as requested by the defendant, that, "under the evidence the verdict must be for defendant." The judgment will accordingly be reversed. All concur.