Kemper. v. Collins.

KEMPER, *Appellant*, v. COLLINS.

1. **Dedication:** ACCEPTANCE. To complete a dedication of land to public use, as contemplated by a deed of the proprietor, it is essential that there be an acceptance by the proper public authorities. Such acceptance may be evidenced by express public act or resolve, or it may be implied from user, or other significant facts.

2. ———— : ————. A dedication of land, by the owner, for a city school, upon condition that the city or community, within five years, make designated improvements on it, does not become operative where the condition is not complied with within the designated time, there being no acquiescence on the part of the proposed grantee in the dedication.

*Appeal from    Buchanan    Circuit    Court.*—HON. J. P. GRUBB, Judge.

AFFIRMED.

*B. R. Vineyard* and *Franklin Porter* for appellant.

(1) The word, "provided," in the dedication by Kemper, followed by what is to be done by the city or community, makes it a grant upon condition. 2 Wash. on Real Property, p. 3, sec. 3 ; *Osgood v. Abbott*, 58 Me. 73 ; 4 Kent, side p. 120, *et seq.* And as the one thousand dollars or more in improvements were to have been expended "within the time of .five years from this date," it was clearly a condition subsequent. 2 Wash. on Real Property, p. 8, *et seq. ; Adams v. Lindell*, 5 Mo. App. 197 ; s. c., 72 Mo. 198; *Clarke v. Inhabitants*, 81 Mo. 503. (2) A deed upon condition subsequent may be forfeited by reëntry by the grantor or his heirs after condition broken. *Clarke v. Inhabitants*, 81 Mo. 503 ; *Guild v. Richards*, 16 Gray [ 82 Mass.] 309 ; *Langley v. Chapin*, 134 Mass. 82 ; 2 Wash on Real Property [3 Ed.] 11 ; *Messersmith v. Messersmith*, 22 Mo. 372 ; *Ellis v. Kyger*, 90 Mo. 600. (3) Until such reëntry or a suit in ejectment is brought for condition broken, "the estate continues in the grantee after the breach, until he who has a right to insist upon performance elects to declare a forfeiture. The estate continues with its original incidents until entry or some act equivalent to it." *Ellis v. Kyger*, 90 Mo. 606 ; *Knight v. Railroad*, 70 Mo. 231 ;. 2 Wash. on Real Property [ 3 Ed.] p. 10, sec. 12.

*S. P. Huston* for respondent.

(1) At common law a dedication required acceptance to complete it, and so did a grant. *People v. Baubien*, 2 Doug. 269 ; *Page v. Wethersfield*, 13 Ver. 429 ; *Detroit v. Railroad*, 23 Mich. 209 ; *Irwin v. Dixon*, 9 How. [ U. S.] 33 ; *Brink v. Collier*, 56 Mo. 160. (2) The testimony fails to show any word said or

act done, individually or officially, by any officer or agent of the county, city school, or anyone on behalf of the public even hinting at acceptance. In fact, it affirmatively appears that nothing was ever done by any one.

BARCLAY, J.—Plaintiff brought this action of eject-ment, August 22, 1885, to recover certain lots of land in Kemper's addition to the city of St. Joseph. The answer admitted possession and denied the other alle-gations. At the trial, it appeared that plaintiff was the sole heir of Simeon Kemper, now deceased ; that the latter, in his lifetime, had laid out an addition to the city and had dedicated the lots in question "for a city school, provided the city or community do, within the time of five years from this date, respectively improve the same to the amount of one thousand dollars." This dedication was duly executed, acknowl-edged and recorded, May 13, 1857. It further developed that these lots had been levied upon and sold in April, 1871, under a judgment against Simeon Kemper, and a sheriff's deed then duly made to John Quigly. Defendant is the grantee of Quigly. Simeon Kemper died some three years before this action was begun. Plaintiff, as his heir, entered on the lots July 27, 1885, and fenced them. Until then they had been uninclosed. Defendant afterwards cut away part of the fence and took possession. Quigley had paid taxes on the lots since his purchase at execution sale in 1871. The trial court found for defendant. Plaintiff appealed.

To complete a dedication of land to public use, as contemplated by a deed of the proprietor, it is essential that there be an acceptance by the proper public authorities. Such acceptance may be evidenced by express public act or resolve, or it may be implied from user or other significant facts. In the present case, the five years, within which the authorities were to improve

these lots to the amount of one thousand dollars, passed without any action, whatever, on their part. In 1885, the lots yet remained open and unimproved. The conditional dedication did not differ in legal effect from an undelivered deed when defendant's grantor purchased the title of Simeon Kemper at the execution sale. Therefore no estate upon condition arose in this case, owing to the want of acquiescence on the part of the proposed grantee in the dedication.

It follows that the judgment should be affirmed. It is so ordered, with the concurrence of all the judges.