VIRGINIA GOLDEN, Defendant in Error, v. THE CITY OF CLINTON, Plaintiff in Error.

Kansas City Court of Appeals, May 1, 1893.

1. **Pleading**: PERSONAL INJURY: STREET: EVIDENCE. In an action for personal injury received in a street of a city, it is not necessary to allege that the street had been formerly laid out by ordinance; and the fact that it is a public street may be shown by evidence of dedication, acceptance and user as well as by ordinance.

2. **Municipal Corporations**: EMBANKMENT: AUTHORIZED STREET: NOTICE. If an embankment in a street authorized by ordinance is so constructed and maintained as to render travel over it dangerous and by reason thereof injury results, the city is liable therefor, and notice of its condition is unnecessary.

3. ———: DEDICATION: ACCEPTANCE: ESTOPPEL. To constitute a dedication there is only required the assent of the owner and the fact of use for public purpose; and when a municipality has treated land within its limits as a public street it is charged with the same duties as if it were legally laid out, is liable for damage, for neglect to keep in repair and is estopped to deny it is a highway.

4. ———: THIRD CLASS CITY: GRANT TO STREET RAILWAY: PRESUMPTION. It is competent for a third class city to grant the right of way to a street railway through its streets at any time, but the right cannot be exercised without the consent of the abutting property owners and damages paid. Where the grant is made and the road constructed, it will be presumed that the owners consented and the damages were paid.

5. ———: EVIDENCE: RECORD AS TO STREET. In an action for personal injury in a street, it is not error to refuse to admit the city records to show that the street has never by ordinance been established, graded, defined or improved.

6. ———: EVIDENCE: STREET: FORMER ACCIDENT. In an action for personal injury in a street, it is proper to admit evidence of different accidents previously occurring in such street to show the dangerous character of the place.

7. ———: DUTY AS TO STREETS: INSTRUCTIONS: HARMLESS ERROR. A municipality is not required to keep all its streets in repair, but only such as are necessary for the convenience and use of the traveling public; and an instruction set out in the opinion is subject to criticism, but, as the error is contained in a mere abstraction needlessly prefacing the instruction on the facts of the case, it is *held* harmless.

8. ———: ———: ———: OFFICE OF COURT. An instruction telling the jury the city had assumed control of a street when its ordinance had granted a franchise therein to a railway is proper since the interpretation of an ordinance is the function of the court and not of the jury.

9. ———: ———: NOTICE. A city is liable without notice for a defect in its street occasioned by the act of a party it has authorized to use the street.

10. ———: ———: WHETHER OPEN: PHYSICAL CONDITION. A city can open a street to travel without an ordinance, and in determining whether the street was open for use by the public depends upon its physical condition.

11. ———: MEASURES OF DAMAGE: PROSPECTIVE: LOSS OF TIME: VARIANCE. In actions for injuries to the person by the person injured it is not essential to specifically allege that the injury is permanent to recover therefor, as prospective damages are considered the immediate and natural consequences; and the same rule applies to loss of time and services, etc. But if in this case there was a variance, objection should have been made to the introduction of the evidence

12. ——: ——: "ROUND." The term "round" is equivalent to that of "large, great or considerable" and should not be employed in an instruction on damages, though its use will not reverse the judgment. in this case.

*Error to the Henry Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*W. R. Jeffries* and *B. G. Boone*, for plaintiff in error.

(1) The petition is fatally defective. There is no averment in the petition directly or by implication that the city of Clinton had ever opened or established Allen street by ordinance or otherwise. Revised Statutes, 1889, secs. 1495, 1498, 1514, art. 4, ch. 30; 2 Dillon on Municipal Corporations [3 Ed.] secs. 949, 1041, ch. 23. No liability attaches to a city of the third class for nonrepair of streets until the street has been opened or established as such by ordinance and the public invited to use it as and for a street for public travel. *Thrush v. Cameron*, 21 Mo. App. 394; *Rowland v. Gallatin*, 75 Mo. 134; *Stewart v. Clinton*, 79 Mo. 603; *Worth v. Springfield*, 78 Mo. 107; *Rumsey v. Schell City*, 21 Mo. App. 175. (2) The court erred in not giving defendant's instructions in the nature of a demurrer to the evidence. (3) The court erred in admitting the several deeds from Samuel Vail and others purporting to convey or dedicate the lands in said deeds described for public use. None but the absolute owner can legally dedicate, and to make these deeds material evidence in plaintiff's case it was essential to show title in the grantors and an acceptance on the part of the city (2 Dillon on Municipal Corporations [3 Ed.] sec. 635; *McShane v. Moberly*, 79 Mo. 41; *City of Hannibal v. Draper*, 36 Mo. 332; 2 Greenleaf

on Evidence [8 Ed.] secs. 662, 663), because there is no evidence on part of plaintiff proving or tending to prove an acceptance on the part of the city of these deeds. (4) The court erred in admitting the plat known as the "Moberly plat." *First.* Because there was no evidence that the platter, Moberly, had any title, interest or ownership or estate in the land embraced and described in the plat. *McShane v. Moberly, supra; Hannibal v. Draper, supra;* Greenleaf on Evidence, *supra.* *Second.* Because said plat does not cover or embrace that portion of the alleged Allen street where the accident occurred. (5) The court erred in admitting the ordinances granting the franchise to the Clinton Street Railway Company; because the city had no authority to grant a franchise until a majority of the resident owners of land abutting on said street shall first assent thereto in writing and the damages, if any, to the abutting land owners were ascertained and paid. 1 Revised Statutes, 1889, sec. 1576, art. 4, ch. 30, p. 443. (6) The court erred in refusing to permit the defendant to show by the records and journals of the city council that no ordinance or order had ever been passed opening, establishing, grading or defining Allen street or ordering said street worked or improved. Revised Statutes, 1889, secs. 1495, 1498, 1514, 1526; *Moore v. Cape Girardeau,* 103 Mo. 470; *Bassett v. St. Joseph,* 53 Mo. 290; *Brown v. Glasgow,* 57 Mo. 156; *Craig v. Sedalia,* 63 Mo. 417; *Beaudean v. Cape Girardeau,* 71 Mo. 392; *Keating v. Kansas City,* 84 Mo. 415; *Kemper v. Collins,* 97 Mo. 644; *McCormick v. Patchin,* 53 Mo. 33; *Brinck v. Collier,* 56 Mo. 160. (7) The court erred in permitting plaintiff to show by the witness Greenhalge that other and different accidents had previously occurred on said embankment. *Phillips v. Willow,* 70 Wis. 6; 5 Am. St. Rep. 114; *Parker v. Pub. Co.,* 69 Me. 173; 31 Am. Rep. 262; *Hudson v.*

*Railroad*, 59 Iowa, 581; 44 Am. Rep. 692; *Branch v. Lilly*, 78 Me. 321; s. c., 57 Am. Rep. 810; *Moulton v. Scruton*, 29 Me. 288; *Tem. Hall Ass'n v. Giles*, 33 N. J. Law, 260; *Railroad v. Wynant*, 114 Ind. 525; 5 Am. St. Rep. 644; *Stoker v. Railroad*, 91 Mo. 509; *Ramsey v. Railroad*, 81 Ind. 394; *Collins v. Dorchester*, 6 Cush. 396; *Hubbard v. Concord*, 35 N. H. 52; 69 Am. Dec. 520; *Maguire v. Railroad*, 115 Mass. 239; 110 Mass. 110; 118 Mass. 420. (8) The court erred in giving instruction number 1 on behalf of plaintiff. The instruction is not the law—it is too broad and comprehensive. *Craig v. Sedalia*, 63 Mo. 417; *Brown v. Glasgow*, 57 Mo. 156; *Bassett v. St. Joseph*, 53 Mo. 290. This instruction wholly omits the question of notice. It also declares the city to be liable if Allen street was opened and used by the public—whether said street was opened by the city or not, or whether said city had any knowledge of such uses, if any—and allows a recovery on a cause of action not stated in the petition. 71 Mo. 514; 72 Mo. 212, 414; 77 Mo. 34. (9) The court erred in giving instruction number 2. This instruction declares as a matter of law that to make the city liable it was not necessary that there should have been an order, ordinance or action of any kind of the city opening said Allen street, "but simply that its physical condition was at the time of the accident such as to admit of public travel; and that it was free from fences, houses and other obstructions such as to prevent travel." (10) The court erred in giving instruction number 3 on the measure of damages. It authorizes a recovery for permanent injury when no such injury is alleged in the petition. *Melvin v. Railroad*, 89 Mo. 106; *Kenney v. Railroad*, 70 Mo. 252; *Wade v. Haady*, 75 Mo. 394; *Ely v. Railroad*, 77 Mo. 34. And said instruction also authorizes and directs the jury to find for loss of time and services and

inability to earn a livelihood for herself and family, when no such injuries are stated in the petition and not even inferentially stated in the petition. *Rhodes v. Nevada,* 47 Mo. App. 499; *Duke v. Railroad,* 99 Ala. 347. And said instruction is also erroneous in telling the jury that they might find in such sum as in their judgment would be a *round* compensation.

*C. E. Miller, C. C. Dickinson,* for defendant in error.

(1) There was no error in failing to aver in the petition how Allen street was opened. *Rose v. St. Charles,* 49 Mo. 510; *Beaudean v. Cape Girardeau,* 71 Mo. 396; *Pierce v. Town of Lutesville,* 25 Mo. App. 321; *Haniford v. City of Kansas,* 103 Mo. 181. (2) The court did not err in not sustaining a demurrer to the evidence because the evidence shows the embankment on Allen street was constructed by the Clinton Street Railway Company and not by the city. *Maus v. Springfield,* 101 Mo. 617, and cases cited; 7 Lawson on Rights, Remedies & Practice, sec. 4018, p. 6304; *Haniford v. City of Kansas,* 103 Mo. 181; *Bonine v. Richmond,* 75 Mo. 437; *Carrington v. St. Louis,* 89 Mo. 208; *Taubman v. Lexington,* 25 Mo. App. 225; *Hines v. Marshall,* 22 Mo. App. 214; *Russell v. Columbia,* 74 Mo. 480; 2 Dillon on Municipal Corporations [2 Ed.] sec. 790, p. 912. (3) The admission of the various deeds in evidence conveying to the city of Clinton the sixty feet of land constituting Allen street for a public street, to be used by the public and for public uses forever, and for street purposes, as set forth in the different deeds, was no error. 2 Greenleaf on Evidence [13 Ed.] sec. 662, pp. 591–592. No ordinance or formal acceptance is necessary. *Gamble v. St. Louis,* 12 Mo. 617; *Taylor v. St. Louis,* 14 Mo. 20; *Rose v. St. Charles,* 49 Mo. 509; *Strainkel v. Oertel,* 14 Mo. App. 481. A dedi-

cation of land to public use may take place by use and assent without a deed. *McShane v. City of Moberly,* 79 Mo. 41. (4) The admission of the Moberly plat was also no error for the same reason that the deeds were admissible, said plat having been duly approved by ordinance number 160 of the city of Clinton and certified as required by law. It was the assumption of control and authority over Allen street, and a recognition and an acknowledgment of the same as a public highway. A plat of a city addition, duly acknowledged and recorded, is a dedication sufficient to constitute a street. *Meyer v. Railroad,* 35 Mo. 352; 11 Revised Statutes, 1889, sec. 7309, ch. 127, p. 1700. (5) The admission of ordinance number 31, granting franchise over Allen street to Clinton street railway, was entirely competent. 2 Dillon [2 Ed.] sec. 1009, p. 1025, and cases cited in note 1; *Potter v. Castleton,* 53 V. T. (1881) sec. 435; *Taubman v. Lexington,* 25 Mo. App. 224; *Russell v. Columbia,* 74 Mo. 480; *Swenson v. Lexington,* 69 Mo. 167; *Stephens v. Macon,* 83 Mo. 345; 2 Herman on Estoppel & Res Judicata, sec. 1226, p. 1369; sec. 1223, p. 1367; sec. 1222, p. 1363. (6) The permission to show by the records and journals of the city council that no ordinance or order had ever been passed or adopted by the city council, opening, establishing, grading or defining Allen street, or ordering said street worked or improved, was properly denied. *Rose v. St. Charles,* 49 Mo. 511; *Taylor v. St. Louis,* 14 Mo. 20; *Brinck v. Collier,* 56 Mo. 165; *Kemper v. Collins,* 97 Mo. 644. (7) Plaintiff in error complains that evidence of a similar accident, previously occurring at the same place, was admitted. Where there are conflicting decisions, we think the ruling of the court is supported by the best and most numerous authorities. Jones on Negligence of Municipal Corporations, sec. 242, p. 475-478; *District of Columbia v. Armes,* 107 U. S. (1882)

519; *Brady v. Railroad*, 127 N. Y. (1891) 46. The same doctrine is held in Whittaker's Smith on Negligence, p. 259; and said doctrine is sustained by the following leading authorities in their several states: *Darling v. Westmoreland*, 52 N. H. 401; *Moore v. Burlington*, 49 Iowa, 136; *Kent v. Lincoln*, 32 Vt. 591; *City of Chicago v. Powers*, 42 Ill. 169; *Quinlan v. Utica*, 11 Hun, 217; 74 N. Y. 603; *City of Augusta v. Hafers*, 61 Ga. 48; *City of Delphi v. Lowry*, 74 Ind. 523; *Railroad v. Wright*, 115 Ind. 378; *Railroad v. Richardson*, 91 U. S. 454; *Gilmer v. Atlanta*, 77 Ga. 688; *Gilrie v. Lockport*, 122 N. Y. 407; *Pomfrey v. Saratoga Springs*, 104 N. Y. 469, *House v. Metcalf*, 27 Conn. 631; *Hill v. Portland*, 55 Me. 438; *Myers v. Iron Co.*, 150 Mass. 125; *Hoyt v. Jeffers*, 30 Mich. 181; *Aldridge v. Railroad*, 3 M. & G. 515; *Huyet v. Railroad*, 23 Pa. St. 373; *Railroad v. Chase*, 11 Kan. 47; *Longabaugh v. Railroad*, 9 Neb. 271; *Railroad v. Stranahan*, 79 Pa. St. 405; *Railroad v. Gantt*, 39 Md. 115; *Dongan v. Champlain, etc., Co.*, 56 N. Y. 1; *Field v. Railroad*, 32 N. Y. 339; *Railroad v. Ruby*, 38 Ind. 294; *Railroad v. Newell*, 104 Ind. 264; *Delphi v. Lowery*, 74 Ind. 520; *Fort Wayne v. Coombs*, 107 Ind. 75. (8) Instruction number 1 states the law correctly and there was no error in giving it. *Basset v. St. Joseph*, 53 Mo. 298; *Russell v. Columbia*, 74 Mo. 490; *Loewer v. City of Sedalia*, 77 Mo. 443; *Blake v. City of St. Louis*, 40 Mo. 569; *Staples v. Town of Canton*, 69 Mo. 592; *Hull v. Kansas City*, 54 Mo. 598; *Buesching v. Gas Co.*, 73 Mo. 220; *Smith v. St. Joseph*, 45 Mo. 449; 7 Lawson on Rights, Remedies & Practice, sec. 4018, pp. 6304–6305; 2 Dillon on Municipal Corporations [2 Ed.] sec. 790, pp. 919; *Hines v. Marshall*, 22 Mo. App. 214; *Swenson v. Lexington*, 69 Mo. 167; *Stephens v. Macon*, 83 Mo. 345; *Crane v. Railroad*, 87 Mo. 588, 594, 595. (9) The giving of instruction number 2, defining what was meant by being open to

the public, was entirely proper; no error in using the words, "if permanent," in instruction number 3. *Taubman v. Lexington*, 25 Mo. App. 218, 224, 225. A variance between the pleadings and the evidence is no ground of error, unless the evidence was objected to on this ground at the time it was offered. 2 Thompson on Trials, sec. 2310, p. 1663. (10) But it was not necessary to have alleged that the injury was permanent. *Ohio v. Hecht*, 115 Ind. 443; 15 West. Rep. 122; 17 N. E. Rep. 297; *Dooly v. Railroad*, 36 Mo. App. 386; *State v. Blackman*, 51 Mo. 319; 1 Chitty's Pleading, 396; Bliss on Code Pleading, [2 Ed.] 297; 3 Sutherland on Damages, 426; 2 Sedgwick on Measure of Damages [7 Ed.] 606. (11) Loss of time, and inability to earn a livelihood are the natural results of the injury, and need not have been specially pleaded. The evidence was not objected to nor asked to be excluded or limited in its application, and was properly submitted to the jury. *Brennan v. City of St. Louis*, 92 Mo. 482; McQuillin's Pleading and Practice, p. 304; also, *Railroad v. Hastings*, 26 Ill. N. E. 594, affirming 35 Ill. App. 434. (12) The use of the word *round* in instruction 3, no reversible error. *Loewer v. Sedalia*, 77 Mo. 439. And the court will not reverse where substantial justice has been done, even though misdirected as to damages. 2 Thompson on Trials, secs. 2401, 2402, 2403, pp. 1746-1749; Revised Statutes, 1889, sec. 2303, ch. 33, p. 580, and cases cited.

SMITH, P. J.—This is an action brought by the plaintiff against defendant, a city of the third class, to recover damages for personal injuries. The plaintiff had judgment and the defendant has brought the case here by writ of error.

I. The defendant city assails the plaintiff's petition on the ground that there is no allegation therein

either directly or by implication that it had ever opened or established Allen street, where the alleged injury occurred, by ordinance or otherwise. By reference to this pleading we find that it in terms charges that Allen street constituted a public highway of the defendant city at the time of the happening of the injury thereon of which plaintiff complains. This under numerous rulings of the appellate courts of this state was sufficient. To establish the character of the locality where the injury occurred as a part of a public street, nothing more was essential than to show that it was in the actual possession of the city and open and used by the public as a thoroughfare at the time. It was not necessary to allege that the street had been formally laid out by ordinance. In a case of this kind a street may be shown to be a public thoroughfare not only by evidence that it has been formally laid out by ordinance, but also by evidence of dedication, acceptance and user as a public highway. *Pierce v. Lutesville*, 25 Mo. App. 317; *Beaudean v. Cape Girardeau*, 71 Mo. 396; *Maus v. Springfield*, 101 Mo. 613; *Haniford v. Kansas City*, 103 Mo. 172.

It follows that the trial court did not err in overruling the defendant's objection to the introduction of any evidence in support of the petition.

II. The defendant contends that the trial court erred in refusing to give an instruction asked by it in the nature of a demurrer to the evidence, but we do not think this contention should be sustained. By an ordinance numbered 31, introduced in evidence, and against which there was no objection, or if so there was no exception saved to the action of the court in admitting the same, the defendant city expressly authorized the street railway company to construct the embankment in Allen street where the injury happened. This ordinance provided the manner in

which the embankment should be constructed. It specified that if the street railway company should find it necessary to construct or grade any street upon their route in the city limits that the grade should not be less than twenty-five feet wide, or wide enough to allow a wagon to pass on either side of the track. By a further amendatory ordinance, number 141, it was provided that said street railway should be constructed and maintained so as not to interfere with the ordinary public use of the streets any further or to any greater extent than would be incident and unavoidable to such tracks, etc. These ordinances name Allen street as one of the streets on which said street railway company was authorized to construct and maintain its railway. This was a legislative declaration of the fact that the city was in the actual possession of Allen street and that it was a public thoroughfare. In these ordinances we find a clear and explicit recognition of the fact that the streets over which the street railway company was licensed to construct and maintain its railway was then and thereafter to be open and used by the public as a thoroughfare. The evidence is quite convincing that the street railway company under the license conferred by said ordinances constructed the said embankment in Allen street at the place of the injury.

If the embankment was so constructed and maintained as to render travel on the street passing over it dangerous and hazardous and by reason thereof the plaintiff received her injuries, then the city is liable therefor if said embankment was placed there by the street railway company by the authority conferred upon it by the ordinances of the city. *Taubman v. Lexington*, 25 Mo. App. 218; *Russell v. Columbia*, 74 Mo. 480; *Swenson v. Lexington*, 69 Mo. 167; *Stephens v. Macon*, 83 Mo. 345. The city by ordinance having authorized the construction of said embankment not

only for the use of the street railway but as a public thoroughfare, it became the duty of the defendant city thereafter to keep the same in a reasonably safe and good traveling condition, and whether it neglected to perform the duty in consequence of which the plaintiff was hurt was a question of fact, which under the evidence adduced the court was warranted in submitting to the determination of the jury.

There was substantial evidence tending to prove that the embankment at the place of the injury was about twenty-four feet wide, and that on either side of the railway track the width of the street was about ten feet; that the declivity of the sides of the embankment was about forty-five degrees; that it was fifteen feet from the top of the embankment to its base, along which was extended a barbed-wire fence. The plaintiff's horse took fright at a passing, car while on the embankment, and becoming unmanageable backed the buggy to which he was attached over the embankment, which resulted in a forcible collision of the plaintiff and her horse and buggy with the barbed-wire fence, by which the plaintiff claims she was injured. There was neither bar nor guard rail on the outer edges of the embankment. As the embankment was constructed by the defendant's authority, notice of its condition was unnecessary and especially so since there is no pretense that it did not conform in its construction to the requirements of the ordinance. The plaintiff's evidence clearly showed a *prima facie* right to recover.

III. It is next contended that the trial court erred in admitting in evidence several deeds to the defendant city which purported to convey to it the land over which Allen street was located, because it did not appear that the grantors in said deeds had title of any kind to the land conveyed, or that the defendant city accepted such grant. In order to make a city liable for

injuries for suffering a street to remain defective, there must be an acceptance of the grant or dedication. Such acceptance may be express and appear by the record, or it may be implied. It has been held that the digging of a well in a street by a town council was proof of the acceptance of the dedication of the street. *Aiken v. Lythgoe*, 7 Rich. (S. C.) Law, 435. So an acceptance of the public will be presumed when clearly beneficial, of which actual use is strong evidence. *Guthrie v. New Haven*, 31 Conn. 308; *Lake View v. LeBohn*, 120 Ill. 92. So, too, it has been held that acceptance will be presumed if the gift is beneficial, and user is evidence that it is beneficial. *Abbott v. Cottage City*, 143 Mass. 521; *Manderschild v. Dubuque*, 29 Iowa, 73. So, too, it has been declared in this state that all that is required to constitute a dedication is the assent of the owner of the land and the fact that it is being used for the public purposes intended by the appropriation. *Becker v. St. Charles*, 37 Mo. 14; *Rose v. St. Charles*, 49 Mo. 510.

In this case the evidence shows that the defendant city assumed jurisdiction of Allen street by authorizing the construction of a street railway thereon in such a manner as it could be used by the public as a thoroughfare of the city. There is also evidence tending to show the defendant city exercised supervision over it by working it. It was also shown to be a street that had been much used by the public since the construction of the railway embankment. The intent of the grantors in the deed to dedicate the land covered by Allen street for street purposes appears clearly from the deeds themselves. This is not an action of ejectment to try title to the street as in *McShane v. Moberly*, 79 Mo. 41, cited by the defendant. Our attention has been called to no case where it has been held, that in an action of this kind, where a city has accepted the dedi

cation of a street, that it has been permitted to interpose the defense that the person making the grant or dedication was not the owner of the land.

The law is settled by numerous adjudications to the effect that when a municipal corporation has treated a piece of land within its limits as a public street, taking charge of it as such, it is chargeable with the same duties as though it was legally laid out; and it is liable for damages by reason of neglect to keep the same in safe condition for travel. It is under such circumstances estopped to claim that it is not a legal highway. Dillon's Municipal Corporations, secs. 1009, 1012, and cases cited in note 2, p. 1267; Herman on Estoppel & Res Adjudicata, secs. 1222, 1223, 1226; *Mansfield v. Moore*, 124 Ill. 133; *Veal v. Boston*, 135 Mass. 187. The Moberly plat introduced in evidence seems to have been approved by an ordinance of the city and certified as required by the statute, and was properly admitted.

The evidence is not as full and satisfactory as it ought to have been that the deeds already referred to were accepted by the city, but it seems to us that whilst this is so there was some evidence from which their acceptance might reasonably be inferred. We think that under the authorities already cited the evidence of the dedication and acceptance was sufficent to carry the case to the jury.

The defendant is in error in supposing that by the provisions of section 1576 the defendant city had no authority to pass an ordinance granting the street railway company the right to construct its railway in Allen street until the majority of the resident owners of land abutting on said street first assented thereto in writing. It was competent for the city under the statute to pass the ordinance granting the right of way

at any time, but the right could not be exercised until the consent of the abutting property owners was obtained and the damages to such abutting property was ascertained and paid. As the ordinance was passed and the railway built in pursuance thereof, we have a right to presume that the abutting property owners not only consented thereto but that their damages have long since been ascertained and paid. We do not think the validity of the ordinance is therefore subject to the objection defendant makes to it.

IV. The defendant's further contention is that the court erred in refusing to allow it to show that the records of the city council had never passed an ordinance establishing, grading or defining Allen street or ordering it improved or worked. As has been indicated in a previous paragraph, streets are opened and established, not merely by ordinance, but likewise by use, dedication and acceptance, and the duty to repair or improve a street attaches whether it becomes a street by user or dedication, and the acceptance or dedication may be evidenced by express public act or resolve, or it may be implied from user or other significant facts. *Kemper v. Collins*, 97 Mo. 644. So that it will not do to say that the duty to improve or repair attaches only when the street has been formally opened and established by ordinance.

V. The defendant makes the further objection that the court erred in permitting the plaintiff to show by a witness that other and different accidents had previously occurred on said embankment. The character of the embankment was one of the subjects of inquiry in the case. Evidence of previous accidents at that particular place with the other evidence tended to show the dangerous character of the embankment in its unguarded condition. And for this purpose we think

the evidence was properly admitted. *District of Columbia v. Armes*, 107 U. S. 519.

Many authorities have been cited by counsel, some of which hold that such evidence is proper, while others equal in respectability hold it improper. A review of these authorities would subserve no useful purpose here. We have contented ourselves in following the ruling made by the supreme court of the United States in the case last cited, and hence uphold the ruling of the trial court. A great number of other points of objection to the action of the trial court in the admission and rejection of evidence have been urged by the defendant's counsel upon our attention and which we have given due consideration, but conclude they are not well taken.

VI. The defendant complains of the action of the trial court in giving for plaintiff an instruction which told the jury, "that it is the duty of the city of Clinton to keep its streets in a reasonably safe condition for persons traveling thereon with ordinary care and caution. And the city having by its ordinance assumed control over Allen street and authorized the Clinton Street Railway Company to lay its track on said street, is responsible for any unsafe condition of said street, occasioned by the company, if said street was, at the time of the accident to plaintiff, open to be used by the public. Now if the jury believe from the evidence that at the time of the accident Allen street was open for use and actually used by the public as a street, and that the embankment down which plaintiff fell was made by the Clinton Street Railway Company, and was, on account of the steepness of the sides thereof or the narrowness of its top or the absence of barriers or guards thereon, not reasonably safe for persons traveling thereon with ordinary care and caution, and that the plaintiff, while driving thereon with ordinary

care and caution, on account of such defects in the street, was thrown down said embankment by reason of her horse shying or backing on meeting the car, without fault or negligence on her part, you will find for the plaintiff," etc. It was not the duty of the defendant city to keep *all* of its streets in repair as stated in said instruction, *but only such of them as were necessary for the convenience of and use of the traveling public.* *Craig v. Sedalia,* 63 Mo. 417; *Bassett v. St. Joseph,* 53 Mo. 290; *Brown v. Glasgow,* 57 Mo. 156. But while the said instruction was too broad in its statement of the measure of the defendant city's obligation in the particular stated, yet as that part of the instruction which followed stated and applied the correct rule to the facts embraced in its hypothesis, we cannot perceive that the error was harmful. It was a mere abstraction needlessly prefacing the instruction on the facts of the case as they appeared in evidence.

There is no force perceived in the defendant's objection to said instruction that it declared as a matter of law that the defendant city by ordinance assumed control over Allen street. The granting by the defendant city of the franchise over Allen street was an undisputed fact; being such a solemn legislative act of the defendant city, affecting Allen street, it was the duty of the court to declare to the jury as to the effect of such legislative act, or as to the legal relation created by it between the city and the ground included within the limits of Allen street. The interpretation of the ordinance of a city like that of a statute is the function of the court and not of the jury. Thompson on Trials, 1056; *Slayback v. Gerhardt,* 1 Mo. App. 383; *Walker v. City of Kansas,* 99 Mo. 647; *Carroll v. Railroad,* 88 Mo. 239.

Nor is there any force in the objection to said instruction that it omits from its assumption of action-

able facts that of notice by defendant city of the dangerous and unsafe condition of Allen street at the time of the injury. As has already been stated in another place, when a defect in the street of a city has been occasioned by the act of a party authorized by the city to make use of such street, which results in producing the defect, the city will be liable, without notice, for an injury occasioned by such defect. *Taubman v. Lexington*, 25 Mo. App. 218; *Russell v. Columbia*, 74 Mo. 490; Lawson on Rights, Remedies & Practice, sec. 4018; 2 Dillon on Municipal Corporations [2 Ed.] sec. 790; *Hines v. City of Marshall*, 22 Mo. App. 214; *Swenson v. City of Lexington*, 69 Mo. 167; *Stephens v. City of Macon*, 83 Mo. 345; *Crane v. Railroad*, 87 Mo. 588, 594, 595.

Nor do we discover that it was error for the court, as it did by the plaintiff's second instruction, to tell the jury that a street could be opened to travel without an ordinance of any kind directing that it be so opened. In view of plaintiff's first instruction it was proper for the court to further direct the jury, that whether said Allen street was open for use by the public depended upon its physical condition at the time of the injury. The defendant is in error in supposing there was no evidence of the physical condition of the street at the place of the injury. The inference is plain enough that at this point the street was free from fences, houses and other obstructions preventing travel.

The defendant further complains of the action of the trial court in giving the plaintiff's third instruction as to the measure of damages. The jury were told by this instruction that in determining the measure of damages they might take into consideration the character and extent of plaintiff's injury, "its continuance, *if permanent.*" The defendant contends that as the petition did not allege "a permanent injury" that

the instruction was erroneous. The law has long been settled that in actions for injuries to the person by the person injured, it is not essential that the petition should specially allege the injury is *permanent* in order to recover therefor. The gist of the action is the injury to the person, and the prospective damages are considered to be the immediate and natural consequences. *Cook v. Railroad*, 19 Mo. App. 324; *North Chicago v. Railroad*, 128, Ill. 603; Bliss on Code Pleading, sec. 297; Chitty on Pleading [14 Am. Ed.] pp. 395-396.

And a like answer may be made to the objection that said instruction authorized the jury to take into consideration the evidence of "loss of time and services and inability to earn a livelihood for herself and family when no such injuries are stated in the petition." But even if there was a variance between the pleadings and evidence, as there is not as we have seen, this would afford no ground of complaint, since it does not appear that the evidence was objected to on this ground at the time it was offered. Thompson on Trials, sec. 2310.

The term "round" is no doubt the equivalent of that of "large, great or considerable" and for that reason should not be employed in an instruction in a case like this, but in view of the fact that an instruction employing such a term has been passed by the supreme court without criticism (*Loewer v. Sedalia*, 77 Mo. 439) we do not feel at liberty to overturn a judgment for this reason alone. No material objection is seen either to the instruction or to the manner and time of giving the same.

It is but just to counsel for defendant to say that in the preparation of the bill of exceptions, the abstract of the record and points and authorities, they have evinced the most commendable care and painstaking.

It is seldom that we have been favored by counsel with a brief where every point relied on for reversal has been so ably and exhaustively treated. In fact the briefs of counsel on both sides for perspicuity, logical arrangement and artistic finish are most excellent models, and have been of much assistance to us in the consideration of the various grounds of complaint.

It results that the judgment will be affirmed. All concur.