ANN O'MALLEY, Respondent, v. THE CITY OF LEXINGTON, Appellant.

Kansas City Court of Appeals, May 11, 1903.

1. Municipal Corporations: DEFECTIVE SIDEWALK: STREET: PRIVATE PROPERTY. On a review of the facts relating to the position of a certain sidewalk, it is held that the defendant city was liable to a pedestrian injured by such walk being out of repair, though it was out of the street and on private property.

2. ———: ———: DEDICATION: CONDEMNATION: LIABILITY: EVIDENCE. There need be no formal dedication or condemnation for street purposes to cast upon a city the duty of caring for a portion of the street or walk which the public are permitted and invited to use, and the city's acceptance of such walk need not be shown by dedication or condemnation.

3. ———: ———: ORDINANCE. It is not necessary to render a city liable to keep a sidewalk in repair that the same should have been built under a formal ordinance, or have been so recognized as a walk by the city.

4. ———: ———: USER: INSTRUCTIONS. Certain instructions as to the user of a sidewalk and the maintenance thereof are reviewed and held properly refused.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*H. C. Wallace* and *Alexander Graves* for appellant.

(1) The documentary evidence by way of deeds introduced in evidence by both plaintiff and defendant, shows beyond dispute that this entire sidewalk, from end to end, is on private lots and no part thereof on the street line or on city property. (2) In addition thereto, there was not any evidence to show that the city constructed or maintained said sidewalk or exercised any control or jurisdiction over this private property, notwithstanding people in the vicinity, or the public, may have used the sidewalk. Garnett v. Slater, 56 Mo. App. 207; Calhoun v. Milan, 64 Mo. App. 398; Mayhew v. District of Gay Head, 13 Allen 134; Morrison v. City of Lawrence, 98 Mass. 221; Louisville v. McKegney, 7 Bush (Ky.) 651. (3) In the absence of such ordinance the action of the council or any other city official in building or maintaining the sidewalk would have been tortious and would subject the city to no liability whatever, either by reason of damages to persons or property, or even for the work and materials used in its construction or maintenance. Werth v. Springfield, 22 Mo. App. 12; s. c., 78 Mo. 107; Stewart v. City of Clinton, 79 Mo. 610; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; Maudlin v. Trenton, 67 Mo. App. 452; Beatty v. St. Joseph, 57 Mo. App. 252; Thrush v. City of Cameron, 21 Mo. App. 398; Saxton v. Beach, 50 Mo. 488; Graham v. City of Carondelet, 33 Mo. 268; Sheehan v. Owen, 82 Mo. 463. (4) The court also committed egregious errors in ruling upon the instructions. Garnett v. City of Slater, 56 Mo. App. 207; Calhoun v. City of Milan, 64 Mo. App. 398.

*T. J. Duling* and *William Aull* for respondent.

(1) The sidewalk was along the original east line of the street, the only sidewalk thereon; it was an open invitation to the public as a sidewalk of the city and had been used as such by the general public for ten or twelve years. It was partly on the street as originally laid out, and partly on the strip thrown out for sidewalk purposes in 1868, and so used ever since by the general public. Certainly, under such circumstances it was a sidewalk of the city and if not reasonably safe the city is liable to one injured while exercising ordinary care. Maus v. Springfield, 101 Mo. 616; Golden v. City of Clinton, 54 Mo. App. 100; Baldwin v. Springfield, 141 Mo. 207; Hill v. Sedalia, 64 Mo. App. 500; Devers v. Howard, 88 Mo. App. 260; Foncannon v. Kirksville, 88 Mo. App. 283; Water Co. v. Aurora, 129 Mo. 584; 2 Dillon, Munic. Corp. (4 Ed.), secs. 642, 632, 639; Cleveland v. Cleveland, 12 Wend. 172. (2) It is contended by appellant that even though the city council or any city official had built or maintained this sidewalk, yet the city could not be held for damages to a traveler injured while exercising ordinary care, on account of such defective walk, unless it was shown that the walk was built or maintained by ordinance. The contention seems to apply to all sidewalks, whether in or outside the limits of a street. It is submitted that this can not be a legitimate inference from the decisions. (3) Where the boundary of a street is not so as to inform travelers when they are on or off the street the city is liable. 2 Beach on Pub. Corp., p. 1450, secs. 1499, 1500; Jewhurst v. Syracuse, 108 N. Y. 303; Cogswell v. Lexington, 4 Cush. (Mass.) 307; Hayden v. Attleborough, 7 Gray 338; Alger v. Lowell, 3 Allen 405; Ray v. St. Paul, 40 Minn. 458. (4) If the margins of the street are used as a streetway the city is liable for injuries sustained by reason of defects therein where not reasonably safe. 2 Beach, Pub. Corp., p. 1451, sec. 1500;

Aston v. Newton, 134 Mass. 509; Weare v. Fitchburg, 110 Mass. 336; Whitford v. Southridge, 119 Mass. 564; Phelps v. Mankato City, 23 Minn. 276; Ozier v. Hinesburg, 44 Vermont 220; Whitney v. Essex, 42 Vermont 520. (5) Whenever the authorities by any means invite and induce travel on a sidewalk, the duty to keep it in repair arises, and the city is liable for a failure to perform that duty. Elliott on Roads and Streets (2 Ed.), p. 662, sec. 622, and numerous cases there cited. Baldwin v. Springfield, 141 Mo. 207. (6) This is true as a rule where a city tacitly permits a thoroughfare to be used as a public street although it was not originally laid out or established under city authority. Elliott on Roads and Streets (2 Ed.), p. 662, sec. 622, and numerous cases there cited. Schafer v. Mayor, 154 N. Y. 466; Garnett v. City of Slater, 56 Mo. App. 207; Golden v. City of Clinton, 54 Mo. App. 100. (7) Long use by the inhabitants makes a public way without the intervention of those who derive their authority from them. Longworth v. Sedevic, 165 Mo. 230; Elliott on Roads and Streets (2 Ed.), p. 164, sec. 154, and numerous cases cited from nearly every State in the Union; Cook v. Harris, 61 N. Y. 448; People v. Loehfelm, 102 N. Y. 1; Ross v. Thompson, 78 Ind. 90; Price v. Town of Breckenridge, 92 Mo. 384; Holdam v. Trustees, 21 N. Y. 474; Buchanan v. Curtis, 25 Wis. 99; Kennedy v. Levan, 23 Minn. 513; Green v. Elliott, 86 Ind. 53; Steele v. Sullivan, 70 Ala. 589; State v. Tucker, 36 Iowa 485; Carter v. City of Portland, 4 Ore. 339; Commonwealth v. Moorehead, 118 Pa. St. 344; State v. New Boston, 11 N. H. 407; Briel v. Natchez, 48 Miss. 423; Eastland v. Fogo, 66 Wis. 133; Lakeview v. LeBahn, 120 Ill. 92; Stone v. Brooks, 35 Cal. 489. (8) There was no error in the refusal of appellant's instructions. Longworth v. Sedevic, 165 Mo. 230; Downend v. Kansas City, 71 Mo. App. 534; Meiners v. St. Louis, 130 Mo. 274; Beaudeau v. Cape Girardeau, 71 Mo. 396; Walker v. Point Pleasant, 49 Mo. App. 249;

Sewell v. City of Cohoes, 75 N. J. 45; City of Spring-field v. Knott, 49 Mo. App. 617; Sheehan v. Owen, 82 Mo. 465; Cole v. Skrainka, 105 Mo. 309; Dillon, Munic. Corp. (4 Ed.), secs. 638-9, note 2; Hart v. Bloomfield, 15 Ind. 226; Darlington v. Commonwealth, 41 Pa. St. 63; Smith v. State, 23 N. J. L. 712. The facts showing the establishment of the sidewalk as a public sidewalk of the city were undisputed. Being so it was not a question for the jury, but it was the duty of the court to declare their effect. Downend v. Kansas City, supra.

ELLISON, J. — This is an action for personal injury received by plaintiff as a result from falling on a sidewalk in the city of Lexington. Plaintiff prevailed in the trial court.

The principal ground urged by way of defense is that the walk was not in the street of the city and was not authorized or recognized by the city as a sidewalk; but on the contrary, that the walk was upon private property and for the existence of which the city was not shown to be in anywise responsible. From the evidence, including a plat filed with the briefs, it appears that the walk was laid on the east side of what is now known as Fifth street (but formerly as Forest) in front of block 4, upon which is a public school building. The walk was shown to be laid on what was originally, at least, the west end of the lots, a few inches outside of the street line. Defendant, therefore, claims that the walk was on private property.

The evidence tended to show that the lots were fenced some thirty years prior to the injury to plaintiff, and that the fences were set back on the lot perhaps five feet, thus leaving the space upon which the walk was laid, apparently in the street. It further tended to show that the sidewalk in question was laid on this space by order of the city about ten years prior to the injury. This walk terminated at the southwest corner of the school building block, and the city ordered a macadam

crossing to be made connecting it with a sidewalk on the opposite side of the street. It was repaired by the city within a year prior to the injury. There was no other walk than this one along block 4 and it had been used by the public continuously since its construction. Under these facts there can be no doubt of the city's liability for an injury to a pedestrian using such walk who is injured by its becoming out of repair. It was negligence in the city to permit it to remain in an unsafe condition.

The defense urged is based on formality much too strict for practical application to the recognized rules governing the duty of cities towards the traveling public. There need not be a formal dedication for street purposes, nor need there be a condemnation. Possession by the city and use by the public with the acquiescence of the city are sufficient to cast the duty of caring for the people in the repair of that portion which they are thus permitted and invited to use. It is true that there must be an acceptance of the street by the city, but that can be shown where there has been neither a formal dedication nor a condemnation. Maus v. Springfield, 101 Mo. 613; Baldwin v. Springfield, 141 Mo. 205; Golden v. Clinton, 54 Mo. App. 100; Hill v. Sedalia, 64 Mo. App. 494; Whitney v. Essex, 42 Vt. 520; Phelps v. Mankato, 23 Minn. 276. So, therefore, we hold that notwithstanding the walk was laid just outside the street, as originally bounded, and just inside the line of private property as originally platted and abutting on said street, yet, if the city either built the walk; or ordered the abutting property-owner to build it; or, if neither of these was shown, if the city, finding the walk there, recognized it as a public thoroughfare for pedestrians or maintained the same by causing it to be repaired, it cast upon itself the duty of keeping it in such condition as not to injure persons traveling thereon in due care. This statement of our position, in effect, does away with a great part of the argument

of counsel for the city. The truth is, the undisputed facts in the case come close to placing the duty on the city to keep the walk in repair, as a matter of law. As already stated, the place where the walk was laid had been within the apparent boundary of the street for more than thirty years. The fences were so run as to widen the street as originally laid out and there was nothing to contradict the appearance thus made. Then, for more than ten years the walk had been laid and used by the public as the only thoroughfare for pedestrians, and it connected directly with a macadam crossing leading over to another walk extending on south on the opposite side of the street. It is certainly late for the city to deny responsibility for a walk it has thus recognized and has permitted its citizens to use for more than a decade. And these facts are supplemented by evidence tending to prove that the city repaired the walk. In thus stating the facts we may leave out of consideration plaintiff's contention that the city ordered the walk to be laid. That order appears to have been inaccurately drawn and defendant contends that it does not refer to the walk in question, though as a matter of fact there is no doubt but that it does.

Defendant has urged, at length, that the city must have built the sidewalk by some proper and formal ordinance duly enacted by the council; or, that it must have recognized and assumed jurisdiction over it by repairs and the like by a formal ordinance. There are a number of instances in which cities are held not liable for injuries to property for grading streets; for the doing of public work and the like, unless the matter causing the injury had been duly authorized by ordinance. Many of these cases are cited by defendant. But we think them not applicable. They do not involve the consideration of the question in this case. The question in this case is, did the city accept the space on which the walk was laid as a part of the street, and did it accept or recognize the sidewalk? Manifestly, it is not ab-

solutely necessary that such acts should be evidenced by a formal ordinance. To illustrate: If a city should order a street graded by an ordinance or resolution so informal as to be void, as such; and under such void order the street should be graded and paid for by the city, it could not be said that such acts were not evidence tending to show a recognition of the street, although they might not, in many instances, be such as would render the city liable for damages for the grading. If the city ordered the sidewalk in question to be laid, or if it directed the repair of the walk, the question affecting the present point is not as to the precise formality of such orders; but the question is as to the fact that there was an exercise of control. That our view is correct is made clear by the reflection that a city may, and very frequently does, become responsible for a street, or have a duty cast upon it in regard thereto, without its ever having been mentioned in an ordinance.

Defendant complains that the court erred in refusing its instructions numbered four and seven. Number four was properly rejected. It declared that the mere user "without something more" did not impose a duty upon the city. In the first place, there was uncontradicted evidence of more than mere user; and secondly, it was not proper to leave to the jury, as it does, what would be "a recognition" of the street, or "an exercise of jurisdiction over it," without connecting these things with some act which would be or tend to show a recognition or an exercise of jurisdiction.

What we have said concerning the case generally shows that we do not regard the refusal of instruction seven as harmful. It was perhaps meant by the request that plaintiff should be required to prove that the city "built or maintained the walk," to hold her to prove the wording of the petition to the exclusion of any other mode of showing responsibility for the walk. It is not always that the words of a petition can be embodied in an instruction by the defendant. The word "main-

tained'' would, in view of the evidence, be liable to mislead the jury, since it was a part of plaintiff's case that the walk was not properly maintained by the city, and for that reason she was injured.

We have gone over the record and argument advanced and have concluded that the merits of the case, under the legal principles involved, are with the plaintiff, and that the verdict was manifestly for the right party. The judgment will therefore be affirmed. All concur.