ALBERT G. STOUT, Respondent, v. CITY OF
COLUMBIA, Appellant.

**Kansas City Court of Appeals, May 7, 1906.**

1. **MUNICIPAL CORPORATIONS: Condition of Street: Presumption.** A pedestrian in the absence of knowledge to the contrary has a right to presume that the sidewalk is reasonably safe. Cases considered and distinguished.

2. ————: ————: **Negligence: Intoxication: Instruction.** The fact that a pedestrian may be drinking does not debar him of a right to hold the city responsible for a negligent injury inflicted upon him, if his drinking did not affect him in exercising care and prudence. Cases considered and distinguished.

3. ————: ————: **Evidence: Former Accident.** The admission of evidence that other persons had fallen into the same area prior to the accident on trial, is harmful error involving collateral issues and should be excluded. Cases considered and distinguished.

Appeal from Boone Circuit Court.—*Hon. Alexander H.
Waller,* Judge.

REVERSED AND REMANDED.

*W. H. Rothwell* and *E. W. Hinton* for appellant.

(1) The reception of Murry's evidence was erroneous; it involved a collateral issue. Smart v. Kansas City, 91 Mo. App. 586; Goble v. Kansas City, 148 Mo. 470. (2) The plaintiff was permitted to show by the same witness that immediately after the accident the street commissioner caused the excavation to be securely covered, etc. Railway v. Hawthorne, 144 U. S. 202; Alcorn v. Railway, 108 Mo. 81. (3) If unimportant or merely irrelevant it may be withdrawn, but where it is incompetent and prejudicial its admission will not be cured by subsequent instructions because its effect on

the minds of the jurors can not be withdrawn. State v. Mix, 15 Mo. 153; State v. Fredericks, 85 Mo. 145; State v. Kuhner, 93 Mo. 193. And the rule is precisely the same in civil cases. Railway v. McElroy, 161 Mo. 584; Juergens v. Thom, 39 Minn. 458; Sinker v. Diggins, 76 Mich. 557; Railway v. Levy, 59 Tex. 542. (4) By the second instruction for the plaintiff the jury were informed that the plaintiff had the right in the absence of knowledge to the contrary to assume that the sidewalk was reasonably safe. This instruction further invaded the province of the jury on a question of fact, and eliminated all questions of contributory negligence. Sargent v. Railway, 114 Mo. 348; Lynch v. Railway, 112 Mo. 434; Buesching v. St. Louis, 73 Mo. 219; Sindlinger v. Kansas City, 126 Mo. 315. (5) By the third instruction for this plaintiff the jury were further informed that although the plaintiff was under the influence of liquor, yet if it had not so affected his mind and power of locomotion as to prevent him from execising ordinary care in passing along the street, and that he would not have fallen into this excavation if the defendant had exercised ordinary care in guarding it, etc., then his intoxication was immaterial and constituted no defense. This instruction was a gross invasion of the province of the jury and a palpable violation of the rule against splitting up parts of an occurrence which must be viewed as a whole. Buddenbury v. Transportation Co., 108 Mo. 394; Barr v. Kansas City, 105 Mo. 550; Howlwerson v. Railway, 157 Mo. 216.

*Charles J. Walker, David H. Harris* and *Gillespy & Conley* for respondents.

(1) Appellant complains of the reception of evidence to the effect that similar accidents had occurred at the same point shortly prior to the one in question and cites as sustaining his contention the cases of: Smart v. Kansas City, 91 Mo. App. 586; Goble v. Kansas City,

148 Mo. 470. Respondent does not contend that under all circumstances such testimony is admissible. The authorities are divided on the question but this court has followed the rulings made by the Supreme Court of the United States in the case of District of Columbia v. Armes, 107 U. S. 519, where this question is discussed at length. Golden v. City of Clinton, 54 Mo. App. 114. (2) Exception is taken to the admission of evidence that immediately after the accident the defendant city through its officers covered up the excavation into which plaintiff had fallen. Railway v. Hawthorne, 144 U. S. 202; Alcon v. Railroad, 108 Mo. 81. (3) "Evidence of subsequent repairs although it may not be admissible to show negligence on the part of the city may be received for the purpose of showing that the defect was one which the city was bound to repair. Brennan v. St. Louis, 92 Mo. 488; Smith v. Telephone Co., 113 Mo, App. 429; Norton v. Krause, 180 Mo. 536; Franklin v. Railroad, 97 Mo. App. 473. (4) There was nothing in the evidence admitted and objected to or in the surrounding circumstances to show that it exerted a harmful effect on the mind of the jury. Hence, if there was a misreception, it was cured by the instruction of the court withdrawing it from the jury. Larimore v. Railway, 65 Mo. App. 175; O'Mellia v. Railroad, 115 Mo. 205; Mueller v. Weitz, 56 Mo. App. 36; Meyer v. Lewis, 43 Mo. App. 417; Wills v. Railroad, 44 Mo. App. 51; State v. Rothschild, 68 Mo. 52; Clark v. Hill, 69 Mo. App. 541.

ELLISON, J.—The plaintiff fell into an areaway in and under the sidewalk in front of a newly-erected building in the city of Columbia and was injured. He brought this action for damages charging that the city was negligent in leaving the place unprotected. He prevailed in the trial court.

There was evidence tending to show that the basement of the building was about eight feet deep and extended beyond the property line three feet into the side-

walk. That this was unlighted and unguarded and was insufficiently covered. There was also evidence tending to show that plaintiff was a farmer residing some distance from Columbia and that on the afternoon of the day in question he was in the city on business and while preparing to start home late in the day, a short time after dark, he attempted to pass along the walk in front of the building, but fell into the excavation. He admitted that he had taken three drinks of liquor during the course of the afternoon, and there was evidence which tended to show that he was more or less intoxicated.

Earnest complaint is made of the instructions given for plaintiff. On reading them as a series connected with those give for the defense, one is left firmly impressed with the idea that they make up a plain, fair and complete direction to the jury. But as they have been attacked with all the force which the ability and industry of counsel can bring to bear, we will examine some of them in detail. By the second instruction, the jury were told that plaintiff, in the absence of knowledge to the contrary, had a right to assume that the sidewalk was reasonably safe. It was ruled in Sargent v. Railway, 114 Mo. 348, that it was error, in the circumstances of that case, to instruct the jury that a passenger, who had alighted at night from a railway train and was passing along the platform of the station, when she fell over some mail sacks thrown out of the mail car, had a right to assume the way was safe. A passenger just alighting from an incoming train and passing over a station platform where people are hurrying to and fro, where baggage, express matter and mail are being hurriedly loaded and unloaded, is under altogether different surroundings and conditions from the pedestrian passing along the sidewalks of the city. As said in that case, "the care of the passenger must be suited to the surroundings, for this is but ordinary care." In that case, the obstruction was matter which had but a few moments before been put upon the platform, and was matter which, it might

be said, should be expected to be there at such a time. But it is not expected that unguarded excavations will be found in sidewalks. The conditions found in that case and this are unlike. It has been expressly ruled by the Supreme Court that an instruction stating that a pedestrian had a right to presume the city had performed its duty to keep the walk in safe condition was proper: [Roe v. City of Kansas, 100 Mo. 190; Holloway v. Kansas City, 184 Mo. 19, 29.] And even as to a depot platform, see Fullerton v. Fordyce, 121 Mo. 10.

As already stated, there was evidence tending to show that plaintiff may have been, in some degree, under the influence of liquor. On that head, the court, at his request, gave the following instruction: "The jury are instructed that although they may believe from the evidence that plaintiff at the time of the injury complained of had been drinking, or was to some extent under the influence of intoxicating liquors, yet if they further believe from the evidence that the same had not so affected his mind and power of locomotion as to prevent him from exercising ordinary care in passing along the street and sidewalk in question, and that he did exercise such care and would not have fallen into such excavation or pit and been injured if defendant had exercised reasonable care on its part by protecting, guarding, covering, or lighting said excavation or pit, and if the jury further find from the evidence that plaintiff fell into the excavation and received the injuries complained of in direct consequence of defendant's negligence, if any, in not so safeguarding said excavation, and without fault or negligence on his part contributing thereto, then the fact, if you believe it to be a fact, that plaintiff had been drinking or was under the influence of intoxicating liquors, is immaterial and constitutes no defense to plaintiff's cause of action herein."

The substance of the instruction is that even though plaintiff was under the influence of liquor, yet if it had not disabled him, mentally or physically, from exercis-

ing ordinary care, and that he did exercise such care, and would not have fallen into the excavation if it had been guarded by covering or lighting and that he fell in without any fault or negligence on his part, then it was immaterial whether he was under the influence of intoxicating drink. If the fact of his drinking did not affect him in the sense of the exercise of care and prudence, manifestly he should not be debarred of a right to hold the city responsible for the negligent injury which was inflicted upon him. [Meyer v. Railway, 40 Mo. 151, 156.] A like instruction was upheld in Loewer v. Sedalia, 77 Mo. 431. Defendant's objection to the instruction is apparently countenanced by Buddenberg v. Chouteau Co., 108 Mo. 394. The wording of the instructions in the two cases are different. In this case, the jury are, in terms, affirmatively required to find that plaintiff did exercise ordinary care and that he fell without fault or negligence. While in that case, the court said the instruction directed the jury not to consider intoxication unless they believed he was so drunk as to be unable to exercise ordinary care. The way in which the instructions in the two cases are worded makes for them a different meaning.

We do not consider other objections as well taken. The modification of defendant's instructions as made by the court was not improper and certainly was not harmful.

There were two points of objection to evidence which the court admitted over defendant's protest. One was that other persons had fallen into the same place; and the other, that the city fixed or guarded the place immediately after plaintiff's fall. The latter was withdrawn by instruction of the court. The former must be regarded as harmful error. While the rule is not uniform in this country, yet it seems to be settled in this State that such evidence involves collateral issues and should be excluded. [Goble v. Kansas City, 148 Mo. 470; Smart v. Kansas City, 91 Mo. App. 586.] The evi-

dence was probably admitted on the authority of Golden v. Clinton, 54 Mo. App. 100; but that case is not in accord with the foregoing later rulings. We are cited in support of the evidence to the case of Golden v. Railway, 84 Mo. App. 59. We think it does not apply. It was not a like case. There the question was whether a lot of old lumber piled by the roadside and negligently allowed to remain, would likely frighten horses, and we held it proper to show that it had frightened other horses than those driven by the plaintiff. Such evidence in that case did not involve collateral matter but bore directly on the issues there involved.

For the error stated, the judgment will be reversed and the cause remanded. All concur.